J. H. KORNEGAY, Admr. of HARRIET SUSAN HILL, Deceased, v.
ROBERT CUNNINGHAM et als.

(Filed 3 October, 1917.)

**Wills—Devises—Estates—Defeasible Fee — Heirs — Children — Contingent
Limitations—Rule in Shelley's Case.**

Where a testator, by separate devises, gives to each of his three daughters, who are his only heirs at law, a certain tract of his land, with provision in each item, "to her and the lawful heirs of her body in fee simple forever, and if she should die without a lawful heir of her body, then the property to go to the other surviving heirs": *Held*, by the expression, "lawful heirs of her body," in the connection used, the testator intended "child" of his daughters, and they took a fee simple title to the designated lands, subject to be defeated upon their dying without child; and where all of them have died without child, at different times, the successive survivor or survivors took a fee simple title in the land of their predeceased sister or sisters, and so on to the last, at whose death the title derived through her sisters descended to her heirs at law; but as to the devise made directly to her, she could not take a fee simple under the will, and this part descended to the heirs of the testator, as intended by him, the Rule in Shelley's Case not applying.

CIVIL ACTION, tried before *Stacy, J.,* at March Term, 1917, of GREENE.

This is a proceeding instituted by the administrator of Harriet Susan Hill against her heirs and the heirs of Hymbric Hill to sell land for assets to pay the debts of said Harriet Susan Hill.

The land in controversy formerly belonged to Hymbric Hill, who died, leaving surviving him three children, Harriet Susan Hill, Huldah Ann Hill, and Sarah John Hill, as his only heirs at law.

He left a will in which he devised the land to Harriet Susan Hill, in item 2; another tract of land to Huldah Ann Hill, in item 3, and another tract of land to Sarah John Hill, in item 4.

The limitations as to all of these devises to the daughters are substantially alike, and one is quoted as illustrative of all.

"Item 2. I give and devise to my beloved daughter, Huldah Susan, 52 acres of land, bounded as follows (description omitted, as it is not material), to have and to hold to her and the lawful heirs of her body, in fee simple forever; and if she should die without a lawful heir of her body, then said property is to go to the other surviving heirs."

Sarah John Hill died before her sisters, Huldah Ann and Harriet Susan Hill, without ever having had a child.

Huldah Ann Hill died before her sister Harriet Susan Hill, without ever having had a child.

Harriet Susan Hill, the last surviving daughter, died in May, 1915, without ever having had a child.

14—174

His Honor held that Harriet Susan Hill died seized in fee of all of the lands described in items 2, 3, and 4 of said will, and entered judgment accordingly, and the defendants appealed.

*J. Paul Frizzelle for plaintiff.*
*Loftin, Dawson & Manning, G. V. Cowper, and R. A. Whitaker for defendants.*

ALLEN, J.   The language in the devise, "and if she should die without a lawful heir of her body," in the connection in which it is used, means children, under any decisions of this Court.   *Smith v. Lumber Co.,* 155 N. C., 389; *Bizzell v. Loan Assn.,* 172 N. C., 159; *Allbright v. Allbright,* 172 N. C., 352, and the cases cited in these opinions.

It is also equally well settled that under the provisions of the will, the daughters took a fee simple estate, subject to be defeated upon dying without leaving a child.   *Whitfield v. Garris,* 134 N. C., 24; *Ford v. McBrayer,* 171 N. C., 420.

If so, under the plain language of the will, upon the death of Sarah John, leaving no child surviving her, the tract of land devised in item 4 pasesd in fee simple to the two surviving daughters, Huldah Ann and Harriet Susan, who were the only heirs of Hymbric Hill, the testator, and of Sarah John, the deceased daughter, and upon the death of Huldah Ann the land devised to her in item 3 and her interest in the land devised to Sarah John passed in like manner and for the same reason to the last surviving daughter of the plaintiff.

There is nothing in the will to support the contention of the appellants, heirs of Hymbric Hill, that upon the death of the two, Sarah John and Huldah Ann, the land devised to them passed to the surviving daughter, Harriet Susan, with the defeasible quality annexed to the title, and on the contrary the will says that upon the death of one leaving no children "the property is to go to the other surviving heirs," which, in the absence of qualifying words, means to them absolutely.

The appellants further contend that in any event they are entitled to the land devised to Harriet Susan, and here the case depends on the meaning of the words, "to the other surviving heirs."

Do they mean the surviving heirs of the testator or the surviving heirs of the devisee?

Under either construction, the whole of the property would pass under the will, so that no light is thrown on the question by the presumption against intestacy.

It appears, however, from the will, that it was the intention of the testator that his daughter should not have an absolute estate in fee if she died leaving no children, and this intention would be defeated if we held that "surviving heirs" meant "her surviving heirs."

TAFT *v.* R. R.

If we adopted this construction, contended for by the appellee, the devise would be to his daughter in fee if she left children, and if she left no children, then to her heirs; and under the latter contingency she would hold in fee under the Rule in Shelley's Case, which operates "Where the ancestor, by any gift or conveyance, taketh an estate of freehold, and in the same instrument an estate is limited, either mediately or immediately, to his heirs in fee or in fee tail, the heirs are words of limitation of the estate and not of purchase." *Ford v. McBrayer,* 171 N. C., 420.

This would be to impute to the testator the employment of many meaningless words, the imposition of limitations upon the devises to his daughters having no legal effect, and would be contrary to the intent expressed in the will, that the daughters were not to have a fee if they left no children.

We are therefore of opinion that Harriet Susan died seized in fee of the land devised in items 3 and 4 of the will, and that the heirs of Hymbric Hill are the owners of the land devised in item 2 as his surviving heirs.

The appellee will pay the costs of the appeal.

Modified and affirmed.