BARNES DANIEL, ADMINISTRATOR C. T. A. OF NANCY DANIEL, v. CELIA BASS ET AL.

(Filed 2 March, 1927.)

**1. Wills—Devise—Rule in Shelley's Case—Remainders.**

A devise to the sisters of the testator and their heirs forever, if any, if not to the heirs of certain other of the testator's sisters, to them and their assigns, forever, does not create a remainder or the semblance of a remainder, and is not within the rule in *Shelley's* case.

**2. Same—"Heirs"—Interpretation.**

In a devise to a specified sister and brother of the testator's lands to them and their heirs forever, if any, if not to the heirs of certain other of the testator's brothers and sisters, the word "heirs" unexplained by other expressions of the will is to be construed in its technical sense as heirs who take as if by descent under the canons general, and not that of children, carrying the fee-simple title to the brother and sisters first named.

**3. Wills—Estates—Contingent and Springing Uses — Repugnance—Fee Limited After a Fee.**

While under C. S., 1740, under the doctrine of contingent and springing uses (27 Henry VIII), a fee may be limited after a fee by devise of lands, there must have been created a supervening contingent event which may shorten the continuation of the estate granted in fee, and upon which the uses may operate, and otherwise a fee limited after a fee is repugnant and the limitation is void.

APPEAL by C. L. Rowe and other defendants from *Barnhill, J.,* at November Term, 1926, of WILSON.

Isaac Daniel had two brothers and seven sisters: John Daniel, Jacob Daniel, Nancy Daniel, Mahala Daniel, Celia Bass, Sallie Rowe, Delphia Daniel, Mary Jane Hathaway, and Harriet Tomlinson. The last two died in the lifetime of Isaac, leaving children; the others survived him. He died 1 April, 1926, leaving a will, the second item of which is as follows:

"I give and devise to my beloved sisters, Nancy Daniel and Mahala Daniel, equally, the tract or parcel of land I drew from my father's estate, containing 16 acres, known as the Josiah Daniel land, and all other property in my possession at my death, to them and their heirs

DANIEL v. BASS.

forever, if any. If not, to the heirs of my sisters, Mary Jane Hathaway, Celia Bass, and Sallie Rowe, to them and their assigns forever."

His sister Nancy Daniel died 7 April, 1926, leaving a will, the second item being as follows:

"I give and devise to my beloved sister, Mahala Daniel, and brother, Isaac Daniel, equally the tract or parcel of land I drew from my father's estate, containing 16 acres, known as the Josiah Daniel land, and all other property in my possession at my death, to them and their heirs forever, if any. If not, to the heirs of my beloved sisters, Mary Jane Hathaway, Celia Bass, and Sallie Rowe, to them and their assigns forever."

The plaintiff's object in bringing suit was to get the advice of the court as to the construction of the wills and as to his duty in the administration of the estate. Bank v. Alexander, 188 N. C., 667. The defendants are the surviving brothers and sisters, the surviving children of Mary Jane Hathaway and Harriet Tomlinson, and the children of Celia Bass and Sallie Rowe. The appellants are Celia's and Sallie's children.

Isaac, Nancy, and Mahala lived together on a farm which they inherited from their father. On 28 September, 1905, each of them executed a will, the respective devises being almost identical, except as to the names of the devisees—Isaac naming Nancy and Mahala as his beneficiaries, Nancy naming Isaac and Mahala, and Mahala naming Isaac and Nancy. Neither Isaac nor Nancy ever married; Mahala married Barnes Daniel, the administrator, and is now living.

The appellants contend:

1. That the real property devised to Mahala Daniel and Nancy Daniel in the last will and testament of Isaac B. Daniel went to Mahala Daniel and Nancy Daniel for life only, with remainder to the heirs or children of Mary Jane Hathaway, Celia Bass, and Sallie Rowe.

2. That the personal property in the last will and testament of Isaac B. Daniel likewise went to Nancy Daniel and Mahala Daniel for life only, with remainder to the heirs or children of Mary Jane Hathaway, Celia Bass, and Sallie Rowe.

3. That the devise to Mahala Daniel in the last will and testament of Nancy Daniel, of one-half of her individual real estate, went to Mahala Daniel for life, with remainder in the event of Mahala Daniel's death without issue to the heirs or children of Mary Jane Hathaway, Celia Bass, and Sallie Rowe.

4. That the personalty bequeathed in the will of Nancy Daniel to Mahala Daniel went to Mahala Daniel for life, and in the event that Mahala Daniel died without issue, with remainder to the heirs of or children of Mary Jane Hathaway, Celia Bass, and Sallie Rowe.

5. That the devise in the last will and testament of Nancy Daniel to her brother, Isaac B. Daniel, who predeceased her, lapsed, and both the real and personal property contained in that devise went to the distributees or next of kin generally of Nancy Daniel.

Mahala Daniel, appellee, submits four theses:

1. That under the rule in *Shelley's case* Mahala Daniel takes a fee-simple and absolute estate in the entire property.

2. That under the rule in *Wild's case* Mahala Daniel takes a fee-simple and absolute estate in the entire property.

3. The gift to the first taker being absolute in its character, if it should be construed that there is a gift over, that such gift over is void because of repugnancy.

4. If it should be held that there was a contingent limitation, the death of the testator was the proper time to determine when the fee-simple and absolute estate should vest.

His Honor adjudged:

1. That Mahala Daniel is the owner in fee of all the property, real and personal, of which Isaac Daniel and Nancy Daniel died seized and possessed.

2. That the administrator, out of the personal estate, pay the debts of Isaac and Nancy, respectively, etc.

C. L. Rowe and other defendants excepted and appealed.

*Connor & Hill for plaintiff.*

*Woodard & Rand and Brooks, Parker, Smith & Hayes for Mahala Daniel.*

*Lucas, Barnes & Jennings for appellants.*

ADAMS, J. With the exception of the devisees therein named, the second item in each of the three wills is substantially the same, and as Isaac Daniel predeceased his two sisters, we may first consider the words in which he expressed his devise: "To my beloved sisters, Nancy Daniel and Mahala Daniel, . . . to them and their heirs forever, if any. If not, to the heirs of my sisters, Mary Jane Hathaway, Celia Bass, and Sallie Rowe, to them and their assigns forever."

It may be said, in the first place, that the devise is not within the scope or provisions of the rule in *Shelley's case.* In Coke's definition of the rule the word "remainder" does not appear (1 Coke, 104), but in Preston's it does: "When a person takes an estate of freehold, legally or equitably, under a deed, will, or other writing, and afterwards in the same deed, will or writing there is a limitation by way of remainder, with or without the interposition of any other estate, of an interest of the same quality, as legal or equitable, to his heirs generally or his heirs

of his body by that name in deeds or writings of conveyance, and by that or some such name in wills, and as a class or denomination of persons to take in succession, from generation to generation, the limitation to the heirs will entitle the person òr ancestor himself to the estate or interest imported by that limitation." 1 Preston on Estate, 263, *et seq.* This language was abridged by *Chancellor Kent* as follows: "When a person takes an estate of freehold, legally or equitably, under a deed, will, or other writing, and in the same instrument there is a limitation by way of remainder, either with or without the interposition of another estate, of an interest of the same legal or equitable quality, to his heirs, or heirs of his body, as a class of persons to take in succession, from genera-tion to generation, the limitation to the heirs entitles the ancestor to the whole estate." 4 Kent's Com., 215.

The doctrine that a remainder, or the "similitude of a remainder," is an element essential to the rule has been approved in numerous deci-sions, including *Jones v. Whichard,* 163 N. C., 241; *Reid v. Neal,* 182 N. C., 192; *Willis v. Trust Co.,* 183 N. C., 267; *Hampton v. Griggs,* 184 N. C., 13; *Shephard v. Horton,* 188 N. C., 787; *Benton v. Baucom,* 192 N. C., 630. See, also, *Hamilton v. Sidwell,* 29 L. R. A. (N. S.), 961, and annotation, 973. In the wills under consideration, neither devise creates a remainder, or reflects the semblance of a remainder, and the rule in *Shelley's case* is excluded.

We are likewise of opinion that *Wild's case* has no application. 6 Coke, 16b; 77 Eng. Reports, 277. There the special verdict was to this effect: Land was devised to A. for life, the remainder to B. and the heirs of his body, the remainder to "Rowland Wild and his wife, and after their decease, to their children," Rowland and his wife then having issue, a son and daughter; afterwards the devisor died; and after his decease A. died; B. died without issue; Rowland and his wife died, and the son had issue, a daughter, and died. Whether the daughter should have the land was the question; and it consisted only upon the considera-tion what estate Rowland Wild and his wife had—whether they had an estate tail or an estate for life, with remainder to their children for life. It was resolved that Rowland and his wife had but an estate for life, with remainder to their children for life, and no estate tail; that the devisor's intent, not his words only, ought to make an estate tail; and that no such intent appeared. Therefore, this difference was resolved for good law: "If A. devises his lands to B. and his children or issue, and he hath not any issue at the time of the devise, that the same is an estate tail; for the intent of the devisor is manifest and certain that his children or issue should take, and as immediate devisees they cannot take, because they are not in *rerum natura,* and by way of remainder they cannot take, for that was not his intent. . . . But if a man devises

land to A. and to his children or issue, and they then have issue of their bodies, . . . they shall have but a joint estate."

Illustrations of this rule and instances of its practical application may be seen by reference to a course of decisions beginning with *Moore v. Leach,* 50 N. C., 88, and continuing in an unbroken line to *Boyd v. Campbell,* 192 N. C., 398. But we find nothing in either will which attracts this principle. It is evident that "heirs" in the clause "to them and their heirs forever" is not synonymous with "children"; the word as used by the devisors means "the heirs designated by the law to take from their ancestors." *Wool v. Fleetwood,* 136 N. C., 460, 469.

But the third proposition advanced by Mahala Daniel is not without merit—that is, under each devise the first taker acquired a fee, and the purported limitation over is void for repugnancy. This, of course, is inconsistent with the appellants' position that Nancy and Mahala took only a life estate, with remainder to the designated children, and that under Nancy's will Mahala took a half-interest for life, with such remainder in the event of her death without issue.

The word "heir" has a technical meaning, and must ordinarily be interpreted according to its technical sense. At common law it signifies a person who succeeds by descent to real estate upon the death of his ancestor. True, the meaning may be explained or controlled by the context, but there is nothing in either will which requires or permits the application of this doctrine. In the expression "to them and their heirs forever" the word "heirs" must be given its technical meaning. *Wool v. Fleetwood, supra.* The result is that under Isaac's devise of his property to Nancy and Mahala equally, "to them and their heirs forever," the devisees took an estate in fee as tenants in common; and the additional words, "if any," do not change the quantity of the estate. The devise of a fee, "if any," is still the devise of a fee. These words can appropriately be considered only as related to the succeeding clause: "If not, to the heirs of my sisters," etc. The appellants say that the fee, if acquired by the first taker, was subject to the asserted limitation, and therefore defeasible.

At common law a freehold could not be transferred without livery of seizin, and for this reason a fee could not be limited after a fee; but after 27 Henry VIII (C. S., 1740) was enacted, the doctrine of springing and shifting uses arose, by virtue of which a fee may be limited after a fee by deed or will. *Smith v. Brisson,* 90 N. C., 284; *Willis v. Trust Co., supra.* But there can be no limitation of a fee after a fee unless there be some contingency which defeats the estate of the first taker. The prior estate may be a fee defeasible or determinable by the contingency on which it is limited; but such supervening contingency is essential, and it must operate to defeat, abridge, or cut down the prior

estate in order to make room for the limitation.  *McDaniel v. McDaniel,* 58 N. C., 351; *Boyd v. Campbell, supra.*

In the wills under consideration, we discover no such contingency. There is no limitation over in the event of the first taker's death without children or issue; and herein, if in no other respect, the devise differs from that in *Massengill v. Abell,* 192 N. C., 241.  The intent to which we must give heed is not that which the testator may have had in mind if at variance with the obvious meaning of his words, but that which is expressed in the language he has used.  *McIver v. McKinney,* 184 N. C., 393; *Gordon v. Ehringhaus,* 190 N. C., 147.  By devising a fee in the first clause, the testator parted with his entire interest and could not destroy the devised estate by means of a totally repugnant clause.  The principle, which in the case before us applies to the testator's real and personal property, is stated in *Newland v. Newland,* 46 N. C., 463, 467: "If a devise be to A. and his heirs, and if he dies without heirs, then to B., the remainder is repugnant to the estate in fee, and void."  *Roane v. Robinson,* 189 N. C., 628; *Carroll v. Herring,* 180 N. C., 369; *Hall v. Robinson,* 56 N. C., 348.

The trial court erred, however, in adjudging that Mahala Daniel is the owner in fee of all the property and estate of which Isaac and Nancy died seized and possessed.  Upon the death of Isaac Daniel, his entire estate vested in Nancy and Mahala as joint owners, but as Isaac predeceased Nancy, the interest which he would have taken under Nancy's will had he survived her lapsed, and in the absence of a residuary clause, the real and personal property given to him vests in Nancy's heirs at law and distributees, there being no provision for survivorship, as in *Kornegay v. Cunningham,* 174 N. C., 209, and similar cases.  *Johnson v. Johnson,* 38 N. C., 426; *Winston v. Webb,* 62 N. C., 1; *Robinson v. McIver,* 63 N. C., 645; *Twitty v. Martin,* 90 N. C., 643; *Reid v. Neal, supra.*

As thus modified the judgment is affirmed.

Modified and affirmed.