16317

BRYANT v. BRITT *ET AL.*
(57 S. E. (2d) 535)

*Mr. Ralph Hoffman*, of Conway, for Appellants,

*Mr. J. Reuben Long,* of Conway, for Respondent.

February 13, 1950.

OXNER, Justice.

We are called upon to construe Item 4 of the will of S. D. Bryant, which reads as follows: "I give to my daughter Nelle and her heirs (should she have any) all that plantation or tract of land at Green Sea, S. C. (better known as my old home place) when she becomes twenty-one years of age, though until she reaches twenty-one years of age, all clear profits and rent to be used in helping defray family expenses or educational purposes, although the gross proceeds shall pay expenses before net incomes are used each year. I also give to my daughter, Nelle Bryant, my bank stock, in the Peoples National Bank of Conway, S. C., although, any dividends from said stock to be used for living purposes or educational purposes in the family until the said daughter reaches twenty-one years of age".

The will was executed on November 24, 1920. The testator died on May 13, 1923. Nelle Bryant (Peal), the devisee named in the above item, was born on March 6, 1907. She was sixteen years old and unmarried at the time of her father's death. She thereafter married and now has three children, namely, Jean Bryant Peal, Nancy Wainwright Peal and Carolyn Nelle Peal, who are twenty, nineteen and eleven years of age, respectively. The oldest child, Jean Bryant Peal, was born on April 1, 1928, or just a few weeks after her mother became twenty-one years of age.

The tract of land referred to in Item 4 consists of 54 acres, more or less. On January 6, 1949, respondent, Nelle Bryant Peal, nee Nelle Bryant, entered into a contract to sell said property to Cortez Britt for the sum of $17,000.00. Britt is willing to comply with the contract if he can acquire good fee simple title. In order to determine that question, this action for specific performance was instituted. The three minor children of respondent, along with Britt, were made defendants. A member of the Conway Bar was duly appointed guardian *ad litem* for the minor defendants and he has zealously sought to protect their rights. The question for determination is whether respondent owns the entire estate or whether the three children have an interest in said premises.

The Court below held that respondent could convey good title and directed the purchaser, appellant Britt, to comply with his contract. The conclusion was reached that the word "heirs" in Item 4 was used in the sense of children; that those who would take must be determined as of the date of the testator's death; and that since respondent was the only person in being when the testator died, she took the entire estate. The trial Judge said: "At the death of the testator the plaintiff was the only person in being who came within the class and I must conclude that she took title free of any possible claim of afterborn children, particularly in the light of the use of the words 'should she have any' indicating an intention of the testator that the children should take as ten-

ants in common with the plaintiff only if they be *in esse* at his death".

We are in accord with the final result reached by the Court below, but we arrive at that conclusion upon a different construction of the will. It is our view that the word "heirs" in Item 4 must be given its technical meaning as a word of limitation.

While it is always open to inquiry whether the testator used hhe word "heirs" in its technical sense or in a more inaccurate sense to denote "children", there is a strong presumption that this word was used in its technical sense and it will not otherwise be construed unless it manifestly appears that such was the intent of the testator. *Burris et al. v. Burris et al.*, 104 S. C. 441, 89 S. E. 405; *Landrum et al. v. Branyon*, 161 S. C. 235, 159 S .E. 546; *Lucas v. Shumpert et al.*, 192 S. C. 208, 6 S. E. (2d) 17; *Jarecky v. Jarecky*, 194 S. C. 456, 9 S. E. (2d) 922. It is apparent, and so much seems to be conceded, that the will before us was drawn by a layman, but as stated by the Court in *Jarecky v. Jarecky, supra*: "The theory that the popular signification of the word 'heirs' is that of 'children', and that where a will is drawn by a layman it might be assumed that he had this signification in mind, is of course completely untenable". [194 S. C. 456, 9 S. E. 924.]

"Where an estate or freehold is limited to a person, and the same instrument contains a limitation either mediate or immediate to his heirs, or the heirs of his body, the word heirs, is a word of limitation, *i. e.*, the ancestor takes the whole estate comprised in this term." *Austin v. Payne*, 8 Rich. Eq. 9. It is clear that a devise of a tract of land to respondent "and her heirs" would have the effect of vesting in her an estate in fee simple. The question is whether the superadded words inserted in parentheses by the testator, "should she have any", are sufficient to destroy the significance of the word "heirs" which preceded them. It is well established that where an estate or interest is once given by

words of clear and ascertained legal significance, it will neither be enlarged nor cut down by superadded words in the same or subsequent clauses, unless they raise an irrestible inference that such was the intention of the testator. *Adams et al. v. Verner,* 102 S. C. 7, 86 S. E. 211; *Love v. Love et al.,* 208 S. C. 363, 38 S. E. (2d) 231, 168 A. L. R. 311; *Peecksen v. Peecksen,* 211 S. C. 543, 34 S. E. (2d) 787.

The devise here is to "my daughter Nelle and her heirs (should she have any) * * * when she becomes twenty-one years of age", followed by a provision for the use of the rents and profits until respondent became of age. The will contains a devise of another tract of land to a son in substantially the same language. The most that can be said is that the words in parentheses are of doubtful import. They are insufficient to clearly destroy the effect of the word "heirs" preceding them. It will be observed that the testator neither makes any limitation over nor provides for a reversion in the event of failure of heirs.

While we know of no decision touching the precise question before us, *Lucas v. Shumpert et al., supra,* 192 S. C. 208, 6 S. E. (2d) 17, 18, is quite persuasive. The will in that case, after a provision for a life estate in the testator's wife, read: "After the death of my loving wife, Mary Shumpert, I give and bequeath the said named tract of land to my four daughters, *viz.*: Ann Lucinda King, Sarah Ann E. Berry, Alvinia Rodella Shumpert, and Eliza Julia Shumpert, during their natural lives and after their deaths to their bodily issue if any surviving them". And then followed a particular division and allotment which gave 110 acres to each of the daughters, with a description of each tract. In holding that the four daughters took fee conditional estates in the respective tracts of land alloted to them, the Court said:

"We do not think that the superadded words, 'if any surviving them', impair or destroy the technical signification of the words, 'bodily issue', which precede them, or affect the

generality of the expression. As used in a will, designating beneficiaries, the word 'issue' is ordinarily a word of limitation and not of purchase, and has for its primary or general meaning 'heirs of the body', or lineal descendants generally. \* \* \* And there is always a strong legal presumption that these words, or equivalent expressions, have been used in their technical sense as denoting the whole of the indefinite line of inheritable succession. They will not otherwise be construed unless it manifestly appears that such was the intent of the testator.

"In the case at bar there is no limitation over, express or implied. The superadded words, 'if any surviving them', are not sufficient to show an intent on the part of the testator to cut down or destroy the fee conditional previously granted. It would not have this effect even if we construed the expression to mean his 'surviving issue'."

The case of *Adams et al. v. Verner, supra,* 102 S. C. 7, 86 S. E. 211, and the decisions therein reviewed tend to sustain the conclusion herein reached.

Of interest is the decision of the Supreme Court of North Carolina in *Daniel v. Bass et al.,* 193 N. C. 294, 136 S. E. 733, 734. The Court there had under consideration a devise by one Isaac Daniel to his "sisters, Nancy Daniel and Mahala Daniel \* \* \* to them and their heirs forever, if any, if not to the heirs of my sisters, Mary Jane Hathaway, Cecil Bass and Sallie Rowe, to them and their assigns forever". In holding that the two sisters mentioned acquired the fee, the Court said: "In the expression, 'to them and their heirs forever,' the word 'heirs' must be given its technical meaning. \* \* \* The result is that under Isaac's devise of his property to Nancy and Mahala equally, 'to them and their heirs forever', the devisees took an estate in fee as tenants in common; and the additional words, 'if any', do not change the quantity of the estate. The devise of a fee, 'if any' is still the devise of a fee".

Our attention has been called to other items in the will which appellants say tend to show that the testator used the word "heirs" in Item 4 in the sense of children. These provisions have been carefully considered but we find nothing therein overcoming the presumption that the word "heirs" was used in its technical sense.

The decree directing specific performance is affirmed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.