By the Court.
 

 This cause coming on to be heard, the substance of the Complainants’ hill appeared to be, that John Walker died some time in the year 1813, having made a last will and testament, of which he appointed the Defendants executors, who proved the will, and took upon, themselves the burthen of the execution thereof. That by the said will ho bequeathed to the Complainant, John M. Walker, ten negroes and fourteen shares in the capital
 
 *267
 
 stock of flic Bank of Cape-Fear; to the Complainant, Sarah Jane Walker, seven Negroes and fourteen shares in the capital stock of the Bank of Cape-Fear
 
 ;
 
 and to the Complainant, Eliza Henrietta Walker, seven negroes and twenty-one shares in the capital stock of the Bank of Cape-Fear : and the scope of the Complainants’ bill is, that the sum to be expended by the executors aforesaid in the purchase of negroes to fulfil the aforesaid legacies, shall be ascertained by the Court, and that the Complainants may be relieved. Whereto the Defendants, by their answer, say, that they admit they were appointed executors of the last will of the said John Walker, and qualified as such, and that the legacies bequeathed thereby to the Complainants are truly set forth by their bill. That the said John Walker, after making his said will, sold and conveyed all the negroes he owned. That by the said will, they were directed to retain the said legacies until the
 
 County Court
 
 should appoint a guardian to Complainants, and take a bond with security for the performance of the trust j and they submit to the Court whether it were not the intention of the testator that the guardian should he appointed by the County Court of New-Hanover, and whether the Complainants be entitled to any, and, 'if any, to what sum of money in lieu of the negroes aforesaid: and the report of the Clerk and Master in Equity for the county of New-Hanover being read, by which it appears that the negroes bequeathed to the Complainants were at the time of the death of the testator of the value of 7,920 dollars 5 and that on the 6th day of April, 1818, they were of the value of 10,692 dollars ; and that, from the death of the testator to the 6th day of April aforesaid, the bank stock bequeathed to the Complainants, had produced in dividends and bonus the sum of 2,107 dollars.
 

 The Court do order, adjudge and decree, that upon the performance by Carleton Walker, Esquire, (who, it appears to the satisfaction of the Court, hath been appointed guardian to the Complainants by the Court of Pleas and
 
 *268
 
 Quarter Sessions for the county of Cumberland,) of the ma*;cci‘s hereinafter required of him to be performed, the Defendants do transfer to the Complainants, John M. Walker and Sarah Jane Walker, each fourteen shares in the capital stock of the Bank of Cape-Fear, and to the complainant Eliza Henrietta Walker, twenty-one shares in the capital stock of the said Bank : and do jjay over 10 tut guardian for the benefit of the complainants, the aforesaid sum of 2,107 dollars, being the dividends and bonus which have been declared and have accrued on the aforesaid stock up to the date of the Masters report j which sum will belong to the complainants in the following proportions, to-wit, to John M. Walker fourteen forty-ninth parts thereof, to Sarah Jane Walker, fourteen forty-ninth parts, and to Eliza Henrietta Walker twenty-one forty-ninth parts : and that the Defendants account with the said guardian for the dividends accrued on the said bank stock since the date of the Master’s report aforesaid, and pay the same over to the said guardian, to be by him laid out for the benefit of the complainants, according to the same proportions.
 

 , And it further appearing to the satisfaction of the Court, that a compromise hath been made between the complainants, acting by their father and next friend, the aforesaid Carleton Walker, and the Defendants, relative to the legacies of negroes bequeathed to the complainants, which compromise appears to the Court to be reasonable, the Court do therefore, according to the terms of the said compromise, further order, adjudge and decree, that upon the performance by the said Carleton Walker of the requisitions aforesaid, and upon the assent of John Walker, the residuary legatee, being signified in writing and filed in the office of the Clerk and Master of the County of New-Hanover, or without such assent, at the election of the Defendants, they do further pay over to the said Guardian, for the benefit of the complainants, in satisfaction of the legacies of negroes bequeathed to them respectively,
 
 *269
 
 the sum of nine thousand dollars, to be divided among the complainants in the following proportions, to-wit, to John M. Walker, ten twenty-fourth parts thereof, and to Sarah Jane Walker and Eliza Henrietta Walker each, seven twenty-fourth parts thereof.
 

 And it appearing to the Court, that the penalty of the bond entered into by the said Carleton Walker, as guardian to the complainants, is not more than sufficient for the security of John M. Walker, it is further ordered, that no transfer of the aforesaid Stock or payment of the aforesaid sums of money belonging to Sarah Jane Walker, or Eliza Henrietta Walker, be made to their said guardian, before he shall have entered into two other bonds, each in the .sum of ten thousand dollars, with such security as may be ajjproved by
 
 the
 
 Court of Pleas and Quarter Sessions for the County of Cumberland, conditioned for the proper discharge of his office of guardian.