Daniel, Judge,
 

 after stating the case, proceeded: The first question for us to decide is, whether
 
 Harriet
 
 
 *396
 

 Lee Hardy,
 
 who married
 
 Southerland,
 
 took the land in question, under the will of her father.
 
 Miles Hardy,
 
 by way of executory devise. Executory devises have generally been distinguished into three kinds ; two relative to real, and one to personal estate. An instance of the first kind, is one where the devisor gives the fee, but upon some contingency, that disposition is qualified, and an estate limited on that contingency ; as where a testator devised to B, his son in fee, but if he died without issue, living A, then to A in fee: It was held, thatB took a vested fee-simple, and that the limitation over to A was good as an executory devise, to take effect upon B’s dying without issue in the life time of A*
 
 (Pells
 
 v.
 
 Brown, Cro. J.
 
 590. 1
 
 Eq. ca. Ab.
 
 187.) Again; where a testator devised lands to his son B in fee, and other lands to his son C in fee, with a proviso, that if either of them should die before they should be married, or before they-should attain the age of 21 years, or without issue of their bodies, then lie gave all the lands which he had given to such of his sons, so dying, &c. unto the one who should survive: it was held, that the sons took in fee, subject to a limitation to the survivor, in case either died unmarried, or under the age of 21 years, without issue. (Han
 
 bury
 
 v.
 
 Cockerell. Fearne
 
 396.) According to these authorities, it appears to me, that
 
 Henry Hardy
 
 was a tenant in common in fee of the lands in question, with a contingent limitation to his sister
 
 Harriet,
 
 and she held the same estate with a contingent limitation to her brother
 
 Henry.
 
 The testator, by his will, says, “ if either of my children aforesaid, at their death, should leave no issue lawfully begotten, that the whole of my estate, both real and personal, should descend to the survivor.” Here the event must necessarily happen, if ever, within a life in being, and immediately on the death of a person in being at the time of making the will, and the survivor is entitled to take, by way of an executory devise, the whole estate in the land. The event on which the contingent limitation was limited, must necessarily take place within the period fixed by law for executory devises to vest; the event has taken place,
 
 *397
 

 Henry
 
 has died, leaving no issue lawfully begotten “ at bis death.” and Harriet, as survivor, on that event bad a vested estate in fee .simple in the whole of the land. As
 
 Henry,
 
 by the will of his father, had a base fee in the land, on which estate there was created by the will, an executory devise to his sister, no conveyance which he could have made in his life time would have destroyed that executory devise, so neither will it be affected by an execution sale, and a deed from the sheriff to the purchaser. It is a rule, that an executory devise cannot be prevented or destroyed by , any alteration what ever in the estate out of which, or after which it is limited.
 
 (Romilly v. James,
 
 1
 
 Eng. C.L.R.
 
 379.)
 

 An executory-devise in land is not destroyedby a sale under an execution against the first devisee.
 

 A sale of the es. tate of one ten. ant in coiomon under an execution against al], does not divest the estate of the others.
 

 The second objection made by the defendant, is altogether immaterial in this case.
 
 Harriet,
 
 on the death of her brother without issue, was entitled to the whole land, and whether partition was or was not made, does not affect the case. If a regular and' legal partition had been made, and the defendant had purchased
 
 Henry’s
 
 share, then
 
 Harriet’s
 
 right of entry into that part would not have accrued until the death of
 
 Henry,
 
 which was in the year 1830. If no partition was made, then the defendant, after his purchase, was tenant in common with
 
 Harriet,
 
 and his possession was the possession of both. The third objection has no force in itthe sale under the execution, at the instance of the officers of the court, against
 
 Henry
 
 and
 
 Harriet Hardy,
 
 being of the estate of
 
 Henry
 
 alone, as appears by the return of the sheriff, and the recitals in his deed to the purchaser.
 
 Harriet’s^
 
 state in the undivided moiety of the lands which had belonged to
 
 Henry,
 
 never vested until the year 1830, her right of entry as to that part, did not arise before that time, and she is entitled at least to recover that, moiety. But did the sheriff’s deed pass her undivided moiety? I think the estate which
 
 Henry Hardy
 
 had, passed by the sheriff’s deed, and that the deed conveyed nothing in
 
 Harriet’s
 
 share, nor is it colour of title as against her.
 

 The fourth objection is without weight, as the defendant, (provided the sheriff’s deed did not convey the
 
 *398
 
 Hioiety belonging to
 
 Harriet,')
 
 was tenant in commoil with
 
 Harriet,
 
 anti a possession of one tenant in common is in contemplation of law, the possession of all the tenants in common, and is so considered until something shall evince an actual ouster, and nothing of that kind appears in this case ; a bare perception of the profits for so short a space of time as the defendant has had the possession, is not sufficient evidence of an actual ouster.
 
 Henry
 
 died in the year 1830, his interest under the executory devise, did not vest in his sister until that time, and this action was brought in a short time thereafter ; the entry of
 
 Harriet
 
 is not barred by the act of limitations. The fifth objection will not avail the defendant. There was not any such relation between the' lessors of the plaintiff and defendant as required a notice to quit.
 

 An executory devisee has no right of entry Until the contingency happens upon which his estate vests.
 

 Pee. Curiam. — Judgment aeeirmed-.