Battle, J.
 

 There is no difficulty in either of the questions upon which our opinion is desired. The bequest to the testator’s
 
 *144
 
 youngest child, William Haywood Whitfield, of three thousand dollars, is clearly a demonstrative legacy payable out of the proceeds of the land directed to be sold. It has a preference over the other legacies not specifically charged upon the same fund. It is a vested legacy, because the land is directed by the will to be converted into personalty. But it is not
 
 due and payable
 
 until the legatee shall arrive at the age of twenty-one years. It does not therefore bear interest until that period. As the funds in the hands of the executor, which will remain after the payment of all the other legacies, will be amply sufficient with the aid of the accruing interest, to pay the legacy in question to William H. Whitfield, upon his arrival at full age, it is unnecessary to decide the questions relative to the abatement of the legacies.
 

 In answer to the remaining questions, whether the bequest to ■the boy Caleb, of one-fourth of his annual hire, is valid, we are bound by an uniform current of decisions to say that it is not, but is a void legacy, and falls into the residuum. It is the duty of the executor, as such to hire out said boy according to the directions of the will, and apply three-fourths of such hire for the support and maintenance of the legatee, William H. Whitfield, and ■ pay over the remaining fourth to the residuary legatees.
 

 ■ There must be a decree in accordance with this opinion, and the costs paid out of the funds in the hands of the executor.
 

 Per Curiam. Decree accordingly.