NATHAN HILL v. G. F. JONES and G. W. JONES.

(Decided November 9, 1898).

*Devise—Purchase of Contingent Undivided Interest.*

Where land is devised by a testatrix to her children to be held by her husband until the youngest child became of age, and no part thereof to be sold or disposed of before that time, no action previous thereto can be maintained by a purchaser of an interest of one of the children, since deceased.

CIVIL ACTION for recovery of land, tried before *Allen, J.,* at November Term, 1897, of Superior Court of LENOIR County.

Martha E. Jones, mother of defendant G. H. Jones and wife of defendant G. W. Jones, devised to her children her real estate in fee, upon the conditions as follows: "No part or portion of said real estate to be sold or disposed of until my youngest child, then living, shall arrive at the age of twenty-one years; that the dwelling-house I now occupy, or such other as may hereafter be

built, shall be and constitute a home for my husband, Geo. W. Jones, during his life, and for each and every of my children until my youngest child, then living, shall arrive at the age of twenty-one years ; that the rent, profits, incomes, &c., derived from my plantation or any other source shall be devoted and applied to the support and education of my children, to the necessary repair of houses and plantation, and the surplus or excess of such annual rents, profits and income, shall and may be used in such manner by my executor, hereinafter named, as he may deem best, without his being required to render any account of the same."

"When my youngest child, then living, shall arrive at the age of twenty-one years, it is my will and desire that all my real and personal estate shall be divided equally between my above named children, and such child or children as I may hereafter have issue of my body, share and share alike; and should either or any of them die without issue, then their share shall be equally divided between my other children then living, or should either or any of them die leaving issue, then such distributive share shall go to such issue so left."

G. W. Jones, defendant, was appointed executor. The defendants became indebted to plaintiff, executed to him their note and secured it by mortgage of the interest of G. F. Jones in the land devised—the note not being paid, the mortgage was foreclosed by the sale of the land, and plaintiff became the purchaser—and took Commissioner's deed.

The youngest child of the testatrix was still under age at the time this suit was brought. G. F. Jones has died since. The question submitted to his Honor was whether this action could be maintained.

His Honor thought not and rendered judgment dismissing the case.

Plaintiff excepted and appealed.

*Mr. George Rountree,* for plaintiff (appellant).
*Mr. N. J. Rouse,* for defendants.

Clark, J.: By the terms of the will, no part of the real estate was to be sold or disposed of until the youngest child should become of age, and then it should be divided in manner specified. Until that time, the husband should occupy the premises and use the surplus of income from the realty after paying for necessary repairs thereon and the education of the children, in such manner as he should deem best, without being required to render any account thereof. The youngest child has not become of age, and the question intended to be presented, whether the purchase of the share of one of the devisees now deceased (under a mortgage made by him on his undivided interest) is entitled to recover, cannot now arise. If such devisee were alive, he could not claim possession or partition till the youngest child became of age, and of course his mortgagee could acquire no greater right, even if the devisee possessed such an interest as could be mortgaged, as to which we express no opinion.

In dismissing the action there was

No error.