GORDON H. CILLEY ET AL. V. G. H. GEITNER ET AL.

(Filed 17 May, 1922.)

**1. Guardian and Ward — Courts — Jurisdiction—Removal of Estate—Foreign Guardian—Statutes.**

Where a foreign guardian has been duly appointed in the state of his *own residence* and that of his wards, and has filed a certified copy of his appointment, with a bond sufficient both as to the amount and the financial ability of the sureties to protect the estate of his wards and in conformity with C. S., 2195, 2196, with his petition to the clerk of the court as required by these statutes, it is not necessary that a local guardian be appointed, but the court in this State, before which the matter is properly pending, may order that the foreign guardian be permitted to withdraw the estate of his wards to the place of foreign jurisdiction.

**2. Same—Real Property—Sales.**

Where a foreign guardian has complied with the provisions of C. S., 2195, 2196, which authorize him to withdraw the estate of his wards to the place of their residence and to a court of foreign jurisdiction, he may, in the same proceedings, and incident thereto, have the real property of his wards sold and converted into money in conformity with the provisions of C. S., 2180, when the wards are represented therein by their next friend, and it is made to appear that their interests will be promoted thereby, etc.

APPEAL by petitioners from *Bryson, J.,* at Spring Term, 1922, of CATAWBA.

A former appeal, heard at the Fall Term of 1921, is reported in 182 N. C., 714. It is agreed that the record in that appeal shall, so far as applicable, be accepted as the record in this appeal.

The plaintiffs filed a petition before the clerk of the Superior Court of Catawba, in which they alleged that under the provisions of the last will and testament of A. A. Shuford the surviving executors had allotted to the several heirs the property therein described, including the real and personal property allotted to Alda Cilley and Adelaide Cilley, heirs at law of Maude E. Cilley, who was a daughter of the testator. The defendants admitted an agreement for the distribution of the property devised, and denied any inclination to delay the distribution, but insisted that Gordon H. Cilley, surviving husband of Maude Cilley, had no interest in the property, and that they could not recognize any agreement to that effect made by him and Alfred G. Clay, foreign guardian of Ada and Adelaide Cilley.

The plaintiffs prayed judgment that Gordon H. Cilley be decreed to be the owner of a one-third interest, and Alfred G. Clay of a two-thirds interest in the property devised to the heirs of Maude Cilley, that a commissioner be appointed to sell the real estate so devised, that the allotment of the property be confirmed, and the foreign guardian be authorized to remove the assets of his wards to Pennsylvania.

After the decision of this Court was certified, the plaintiffs prayed judgment in conformity with the opinion, whereupon Judge Bryson rendered the judgment following:

"1. That petitioner, Gordon H. Cilley, is not entitled to any right, title, interest, or estate in any of the property allotted by defendant executors to the interest of Maude E. Cilley and belonging to the estate of A. A. Shuford, but the same and every part thereof is the property of his children, Adelaide Harper Cilley and Alda Virginia Cilley.

"2. Inasmuch as no guardian has been appointed in the State of North Carolina for Alda Virginia Campbell Cilley and Adelaide Harper Cilley, the court concludes it has no power to render a decree for a sale of the lands allotted to the interests of Maude E. Cilley, deceased ancestor of the infant petitioners, and cannot order such sale, there being no proper representative for the infant petitioners before the court, although the court is of opinion, and so finds, that a sale of the lands belonging to the infant petitioners would materially promote their interests, and that the facts with respect to such sale are as stated in the petition.

"3. Alfred G. Clay, as guardian appointed by the Orphans' Court of Philadelphia County, Pennsylvania, is not authorized to sue in the courts of North Carolina, and his appearance in this court and cause, and ratification by him as such guardian of the settlement made by the defendant executors, is without legal effect, although for the purposes of this proceeding the court doth appoint him next friend for Alda Virginia Campbell Cilley and Adelaide Harper Cilley, after making due inquiry as to his fitness.

"4. The petitioners have complied with the provisions of the statute with respect to the filing of the bond and certified copies of the appointment of Alfred G. Clay as guardian for Alda Virginia Campbell Cilley and Adelaide Harper Cilley, the bond being sufficient in amount and ability of sureties to protect the estate of his said wards, and the letters duly authenticated, and the court would order the delivery of the personal property allotted to the interest of Maude E. Cilley, and as stated in the petition, to said guardian of Alda Virginia Campbell Cilley and Adelaide Harper Cilley, but the court concludes that it is without power to order a removal of their funds or property to the State of Pennsylvania without the presence before the court of a guardian appointed under the laws of North Carolina.

"5. The court adjudges that the allotment made by the defendant executors to the several persons entitled under the will of A. A. Shuford, and as stated in the petition, is fair, just, and equitable, but there being no guardian representing Adelaide Harper Cilley and Alda Virginia

34—183

Campbell Cilley before the court appointed under the laws of this State, the court holds that it is without power to ratify such settlement.

"Wherefore, the court doth adjudge that this proceeding be and it is dismissed, at the cost of the petitioners."

*W. B. Council and Mark Squires for plaintiffs.*
*Self, Bagby & Aiken for executors.*

ADAMS, J. His Honor's exclusion of Gordon H. Cilley as the representative of his wife from participation in the property acquired by Alda and Adelaide Cilley under the will of A. A. Shuford conforms to the opinion of this Court, as expressed in .the former appeal; but we think his Honor erred in holding as a conclusion of law that the court, in the absence of a guardian duly appointed in this State, had no power to remove the personal property of the nonresident devisees to the place of their residence. Alda and Adelaide Cilley reside in Pennsylvania, and there Alfred G. Clay was duly appointed as their general guardian. His Honor finds from the record that the plaintiffs have complied with the statute in filing a certified copy of the appointment of the guardian in Pennsylvania, and that the bond filed by him is sufficient both as to the amount and as to the financial ability of the sureties to protect the estate of his wards. His Honor also says that he would order the transfer of the fund to the foreign guardian if he had the legal right to make such order.

The statute provides that where any ward . . . residing in another state . . . is entitled to any personal estate in this State, . . . whether the same be in the hands of any guardian residing in this State, or any executor, administrator, or other person holding for the ward, or if the same . . . be not in the lawful possession or control of any person, the guardian . . . duly appointed at the place where such ward . . . resides may apply to have the estate removed to the residence of the ward . . . by petition filed before the clerk, and that the application shall be proceeded with as in case of other special proceedings. Any person may be made defendant to the proceeding who may be made a defendant in a civil action; but there is no absolute requirement that a resident guardian be appointed to defend in such proceedings. C. S., 2195, 2196.

Furthermore, we think his Honor erroneously concluded that the court had no power to order a sale of the real estate of the wards, inasmuch as they had no guardian resident in this State. C. S., 2180, is applicable to a proceeding instituted by a guardian for the conversion of property when the interest of the ward will be promoted thereby, and the proceeds are intended to be used for a special purpose; but since by virtue

of the statute the appointment of a resident guardian is not necessary for the transfer of a ward's funds to a nonresident guardian, and since the plaintiffs are represented by their next friend, there appears to be no valid reason why this proceeding should not be maintained to ratify the agreement of distribution, to remove the wards' personal property, and incidentally to convert the wards' real estate into personal property in order to effect such removal.

Our conclusion is that the proceeding can be maintained and accordingly that his Honor's judgment of dismissal should be

Reversed.