## JOHN HALLIBURTON, ET AL. v. JOE PHIFER.

(Filed 2 May, 1923.)

**1. Wills—Devise—Intent—Income—Heirs—Estate.**

A will of the mother bequeathing two-thirds of the income from her estate to the youngest of her two sons until he is twenty-one years of age, and until he should reach the age of twenty-five, an equal division of this income between the two sons, and thereafter "it" was to be divided and equally *given* to each, is interpreted as changing the disposition of the whole estate after the youngest son has reached the age of twenty-five, at which time the corpus of the estate and not its income is to be given, or handed over to the two sons in equal parts, and *held* the provision that in the event "they die . . . leaving heirs, it shall go to the heirs of same," refers to the death of one or both of the sons before the time designated for the final disposition of the estate itself.

**2. Wills—Devise—Rents—Perpetuities—Estates—Lands.**

A devise in perpetuity of the rents and profits, or the income of land, passes the land itself in the absence of anything to indicate the testator's contrary intent.

APPEAL by defendant from *Long, J.,* at April Term, 1923, of MECKLENBURG.

Controversy without action, submitted on an agreed statement of facts. The case involves the construction of a will.

From a judgment in favor of plaintiffs, the defendant appealed, assigning errors.

*Julia M. Alexander for plaintiffs.*
*Clarkson, Taliaferro & Clarkson for defendant.*

STACY, J. The defendant entered into a valid contract to purchase from plaintiffs a lot of land in the City of Charlotte; but, on tender of deed in due form purporting to convey same in fee simple, defendant refused to accept the deed and pay the purchase price, alleging and contending that plaintiffs were not seized in fee of said premises and could not convey an indefeasible fee-simple title to the *locus in quo.*

The agreed facts with reference to the title, as appear from the record, are as follows:

1. Plaintiffs are the only heirs at law and sole devisees of Mrs. Lucy

A. Halliburton, their widowed mother, who died in December, 1919, seized of a good and indefeasible fee-simple title to the land in question and leaving a will in holographic form, which was duly admitted to probate and which reads as follows:

"This is to certify that I, Lucy Halliburton, will, that Alexander Halliburton, the younger son of same, shall have two-thirds of my income until he, Alexander Halliburton, is twenty-one years of age. Then the income shall be divided in one-half, each getting equal part, until Alexander Halliburton is twenty-five years old, after that time it shall be divided in one-half, and given one-half to each of my two sons, John Halliburton, and Alexander Halliburton, or, if they die leaving heirs, it shall go to the heirs of same.

"This is my desire and will.

"Signed by their mother, Lucy Alexander Halliburton.

"Aug. 23, 1911."

2. John Halliburton is thirty-two years of age and Alexander Halliburton attained the age of twenty-five years during the month of June, 1922.

3. It is agreed that if plaintiffs, as the sole devisees and heirs at law of the testatrix, acquired an indefeasible fee-simple title to the said lot of land they now have and can convey such title.

His Honor, being of the opinion that the title offered was sufficient to convey a fee-simple estate, rendered judgment in favor of the plaintiffs, and defendant appealed.

The objection urged by the defendant is that only the income and not the corpus of the property in question is devised to the plaintiffs under their mother's will. While, as a matter of technical syntax, the word "it" should probably be construed as taking the place of the antecedent noun "income," when the testatrix says "after that time it shall be divided in one-half," etc., yet we think it is manifest that she was here speaking of the corpus of her property. Her first desire seems to have been to give her younger son two-thirds of the income from her estate during his minority. Her next desire was to hold her estate intact until Alexander, the younger son, reached the age of twenty-five. She provided that when he had reached the age of twenty-one "the income shall be divided in one-half, each getting equal part, until Alexander is twenty-five years old, after that time it shall be divided in one-half, and given one-half to each of my two sons." If the word "it" be held to mean income, then the last part of this quotation would be but a bare repetition of the first. The testatrix undoubtedly intended to provide for a different disposition of her estate after Alexander reached the age of twenty-five than for the period between his ages of 21 and 25. To accomplish this

end, the disposition necessarily must consist of something more than an equal division of the income between the two sons. The more rational construction and the only one which will give meaning to the whole will and every part thereof would seem to be that, upon Alexander's arriving at the age of twenty-five, "it"—the property itself and not the mere income—is to be divided into halves and given, that is, turned over, to the two sons equally. The use of the word "given" would seem to be significant when considered in connection with the prior provisions. Until he arrived at the age of twenty-one, Alexander was to "have" two-thirds of the income; then the income was to be divided equally, each "getting equal part" until Alexander reached the age of twenty-five; but after that time "it" was to be divided and given equally to each. The word "given" in this connection would seem to connote a final surrender and disposition of the whole estate—a giving without further restriction. The provision that, in the event "they die leaving heirs, it shall go to the heirs of same," has reference, we think, to the death of one or both of the first takers before the arrival of the time when the property was to be "given"; that is, before the arrival of Alexander at the age of twenty-five.

Furthermore, it has been held in a number of cases that a devise in perpetuity of the rents and profits, or of the income, of land passes the land itself in the absence of anything to indicate a contrary intention.. *Reed v. Reed,* 9 Mass., 373; *Manners v. Manners,* 20 N. J. L., 142; *Mayes v. Karn,* 115 Ky., 264; 40 Cyc., 1536. See, also, *Kornegay v. Morris,* 122 N. C., 199.

The judgment of the Superior Court will be upheld.

Affirmed.