FIDELITY TRUST COMPANY, GUARDIAN OF ELEANOR LOUISE GIBBS, DOROTHY R. GIBBS AND FLORENCE P. GIBBS, v. W. C. WALTON, EXECUTOR OF THE LAST WILL AND TESTAMENT OF NELLIE STANDART CARR, DECEASED.

(Filed 6 June, 1930.)

1. **Guardian and Ward G a—Procedure of foreign guardian to obtain possession of ward's property in hands of executor in this State is under C. S., 2195.**

A guardian in another State of nonresident wards may proceed to obtain possession of the property bequeathed to the wards and in the hands of an executor in this State under a will duly probated here under the provisions of C. S., 2195; C. S., 4021, relating to property in the hands of a trustee residing in this State, is not applicable.

2. **Executors and Administrators E c—Where it is to the interests of the legatees, court may authorize transfer of stock to them instead of cash.**

Where a testator bequeaths the residue of her personal property to the children of her brother, and the personalty consists of stocks and bonds the value of which in money is definite and determinable, and, in an action by the guardian of the legatees to obtain possession of the property, the court having jurisdiction finds as a fact that it is to the interests of the legatees that the executor transfer to the guardian the specific stocks and bonds for the use of each according to his proportionate share instead of reducing the personalty to cash, the court has the power to authorize a settlement by the executor with the guardian by the transfer of specific stocks and bonds, and a receipt by the guardian according to the order is a complete discharge of the liability of the executor as directed by the order of court.

APPEAL by defendant from *Moore, J.,* at May Term, 1930, of HENDERSON. Affirmed.

This is a special proceeding begun by petition filed in the Superior Court of Henderson County, before the clerk.

Upon the facts alleged in the petition, which was duly verified, plaintiff prays the court to make an order directing the defendant executor to deliver to the petitioner, as guardian, personal property bequeathed to its wards by his testatrix in her last will and testament, duly probated and recorded in Henderson County, North Carolina, to the end

that same may be removed by the petitioner from this State to the State of Pennsylvania, where its wards reside, and where the petitioner has been duly appointed and has duly qualified as their guardian.

The facts alleged in the petition are admitted in the verified answer of the defendant, who prays that such order shall be made in this proceeding as shall fully protect him, in the event that he shall be directed to pay over to the petitioner the personal property bequeathed to its wards in the last will and testament of defendant's testatrix.

From the order made by the clerk of the Superior Court, defendant appealed to the judge of said court.

Upon the hearing of said appeal, judgment was rendered as follows:

"This cause coming on to be heard at Hendersonville, North Carolina, before his Honor, Walter E. Moore, judge of the Superior Court, holding by exchange the courts of the Eighteenth Judicial District, the resident judge of said district being absent from the district, upon appeal by defendant from an order of the clerk in this cause dated 6 May, 1930, directing the removal and transfer by the defendant to the petitioner of certain funds and property as prayed in the petition; and all matters and questions in this proceeding being now heard and considered upon the pleadings, stipulation of counsel, and the entire record, the court finds and adjudges as follows:

1. That, the petitioner, Fidelity Trust Company, a corporation, is the guardian in the State of Pennsylvania, of Eleanor Louise Gibbs, Dorothy R. Gibbs and Florence P. Gibbs, minor children of Ralph W. Gibbs, having been duly appointed as such guardian by the proper court, to wit, the Orphans' Court of Alleghany County, Pennsylvania, where said minors reside, and having duly qualified in said court as such guardian.

2. That, Nellie Standart Carr, late of Henderson County, North Carolina, died leaving a last will and testament appointing the defendant, W. C. Walton, executor, and that the said last will and testament of the said Nellie Standart Carr, deceased, has been duly admitted to probate before the clerk of the Superior Court of Henderson County, North Carolina, and the said W. C. Walton has duly qualified in said court as executor of said will.

3. That, the only portions of said will relating to, or affecting the matters under consideration in this proceeding are Items 21 and 22, which read as follows:

'Item XXI. I give and bequeath to Dorothea Gibbs, daughter of Herbert Gibbs, and to Dorothy Gibbs, daughter of Ralph W. Gibbs, share and share alike, all of my flat sterling silver not otherwise stipulated.

'Item XXII. I give and bequeath to the children then living of Herbert R. Gibbs and of Ralph W. Gibbs, equally, share and share alike,

the rest and residue of my estate, each to receive the income thereof only, until coming of age.'

4. That, under Item 22 of the will of the said Nellie Standart Carr quoted above, each of the ten residuary legatees therein referred to acquired a vested interest in one-tenth of the residuary estate of the said testator.

5. That, the children of Herbert Gibbs referred to in Item 22 of said will are six in number, and that the children of Ralph W. Gibbs referred to in said item of said will are four in number, three of the said children of the said Ralph W. Gibbs being the wards of said petitioner hereinbefore named, to wit, Eleanor Louise Gibbs, Dorothy R. Gibbs, and Florence P. Gibbs.

6. That, the said wards of said petitioner are each the owners of one-tenth of the residuary estate of the said Nellie Standart Carr.

7. That, it is to the best advantage of said wards that their portions of the capital stock of the Cleveland Trust Company referred to in said petition be paid and turned over in kind, instead of the same being reduced to cash by the executor.

8. That, of the 410 shares of said stock of said Cleveland Trust Company mentioned in the petition, the said three wards, or their duly qualified representatives, would each be entitled to forty-one shares.

9. That, the petitioner is duly represented before the court by Merrimon, Adams & Adams, attorneys of Asheville, North Carolina, and that the appearance of the said petitioner before this court is, and is recognized as an appearance not only as guardian in the State of Pennsylvania of said wards, but also as an appearance as next friend of said wards, representing their interests generally.

10. That, this proceeding as brought by the petitioner under sections 2195 and 2196 of the Consolidated Statutes, is the proper procedure for the removal of the funds and property described in the petition in this cause; that the bond given by the petitioner as guardian for its said wards in the State of Pennsylvania is a proper and sufficient bond, sufficient as well in the ability of the sureties as in the sum mentioned therein to secure all the estate of said wards wherever situated, and said bond is approved by the court.

11. That, the petitioner, as guardian in Pennsylvania of the said three minor children of Ralph W. Gibbs is now entitled to receive and receipt for the portion of the funds and property mentioned in the complaint which was left by said will to said minors.

It is, therefore, on motion of Merrimon, Adams & Adams, attorneys for plaintiff, ordered, adjudged and decreed by the court that the defendant, W. C. Walton, as executor of the will of Nellie Standart Carr, deceased, be, and he is hereby directed to transfer, turn over and deliver

forty-one shares of the said capital stock of the said Cleveland Trust Company to the said Fidelity Trust Company, as guardian of Eleanor Louise Gibbs, and forty-one shares of said stock to the said Fidelity Trust Company as guardian of Dorothy R. Gibbs, and forty-one shares of said stock to the said Fidelity Trust Company as guardian of Florence P. Gibbs; and the said executor is authorized and directed to execute such instruments of writing as may be necessary to have the proper transfers of said stock made by the said Cleveland Trust Company. The said executor is further authorized and directed to deliver to the said petitioner as guardian of the said Dorothy Gibbs, her share of the silverware as bequeathed to her in said will.

It is further ordered, adjudged and decreed that the receipt of the said Fidelity Trust Company for any and all funds, stock and property turned over to it by the defendant as executor as herein directed, shall be a full and complete discharge to said executor as to any funds, stock or property so transferred as fully to all intents and purposes as if the said three minor children of Ralph W. Gibbs were of full age, and had received and receipted for the same in their own proper persons.

It is further ordered that the petitioner shall pay the costs of this proceeding.

This 7 May, 1930.          WALTER E. MOORE, *Judge Presiding."*

From said judgment defendant appealed to the Supreme Court.

*Merrimon, Adams & Adams for plaintiff.*
*G. H. Valentine for defendant.*

CONNOR, J. The defendant in this proceeding is the executor of a will which has been duly probated and recorded in this State. He is now engaged in the administration of the estate of his testatrix in accordance with the provisions of said will, and subject to the jurisdiction of the courts of this State. On his appeal to this Court from the judgment of the Superior Court directing him to deliver to the petitioner, as guardian of its wards, who are nonresidents of this State, personal property bequeathed to them by said will, to the end that said property may be removed by the petitioner from this State to the State of Pennsylvania, where said wards reside, and where the petitioner has duly qualified as their guardian, the defendant suggests that the relief sought in behalf of said nonresident wards can be had only under the provisions of C. S., 4020, *et seq.;* that such relief cannot be had in this proceeding which was begun under the provisions of C. S., 2195, *et seq.* We are of opinion that this proceeding, upon the facts alleged in the petition, was properly begun under the provisions of C. S., 2195, *et seq.,* and that

there was no error in the judgment of the Superior Court to that effect. The petitioner was well advised as to the procedure by which it has sought relief upon the facts alleged in its petition. Its wards reside in the State of Pennsylvania; they are entitled to personal property now in this State; this personal property is in the hands of defendant, the executor of the testatrix, by whose will the said property was bequeathed to said wards. The property is not vested in a trustee residing in this State, who holds the same for beneficiaries residing in another State. C. S., 4020, *et seq.*, are not applicable to the facts of this case. The procedure in this case conforms to the requirements of C. S., 2195, *et seq.*, and is approved. *Cilley v. Geitner*, 183 N. C., 528, 111 S. E., 866.

The only other question raised by the defendant on his appeal to this Court, and presented for decision, is whether there was error in the order of the judge of the Superior Court that the defendant as executor transfer, turn over and deliver to the petitioner as guardian, for each of its wards, forty-one shares of the capital stock of the Cleveland Trust Company of Cleveland, Ohio, in settlement of the interest of said ward in the total number of shares of said capital stock, in his hands, under item 22 of the last will and testament of Nellie Standart Carr. The defendant suggests that it is his duty as executor to convert the 410 shares of said capital stock which are bequeathed by said item to the residuary legatees referred to therein, into money, and to pay to each of said legatees his share in money and not in stock. While ordinarily it is the duty of an executor to convert personal property, which passes under a residuary clause in a will, to two or more legatees, share and share alike, into money, and to pay to each of said legatees his share in money and not in property, where, as in the instant case, the property to be distributed consists of stocks or securities whose value in money at the date of the settlement can be readily ascertained, and the court having jurisdiction of the administration of the estate, finds that it is to the best interest of all the legatees that their shares be paid in stock or securities, rather than in money, the court has the power to authorize the executor to settle with the legatees, by transferring and delivering to each of said legatees stock or securities of the value in money of his share, rather than by paying to him money derived from the sale by the executor of the stocks or securities. *University v. Borden*, 132 N. C., 477, p. 502, 44 S. E., 47, 1007, 24 C. J., 485, sections 1313 and 1314. Such settlement made by the executor with the legatees, pursuant to an order of the court, will fully protect the executor against any and all claims thereafter made by the legatees or those claiming under him.

The fact that the legatees are minors at the date of the settlement is immaterial, where the settlement is made with their guardian or guardians, and is approved by the court having jurisdiction of the administration of the estate. Such settlement will protect the executor from any and all claims thereafter made by said legatees or by any one in their behalf, or claiming under them. Where the guardian in accepting said settlement acts in good faith, and with the approval of the court having jurisdiction of the estate of his ward, he will likewise be protected under the law of this State. See *Sheets v. Tobacco Co.,* 195 N. C., 149, 141 S. E., 355.

We find no error in the judgment of the Superior Court. Defendant is amply protected by its provisions. The judgment is

Affirmed.