BRANCH BANKING & TRUST COMPANY, EXECUTOR AND TRUSTEE UNDER THE WILL OF GEORGE FRANKLIN WHITFIELD, DECEASED, AND BRANCH BANKING & TRUST COMPANY, GUARDIAN OF THE PROPERTY OF KATHER- INE ROSE WHITFIELD AND GEORGE FRANKLIN WHITFIELD, JR., MINORS, v. KATHERINE ROSE WHITFIELD AND GEORGE FRANKLIN WHITFIELD, JR., MINORS, AND HATTIE C. HILL AND CATHERINE C. BELL, TESTAMENTARY GUARDIANS OF THE CUSTODY AND TUITION OF SAID MINORS; AND F. E. WALLACE, JR., GUARDIAN AD LITEM OF KATHERINE ROSE WHITFIELD AND GEORGE FRANKLIN WHITFIELD, JR., ABOVE-NAMED MINORS.

(Filed 12 June, 1953.)

**1. Declaratory Judgement Act § 2c—**

An action for a declaratory judgment will lie only when there is an existing controversy between the parties. The remedy is unavailable for the purpose of submitting a theoretical problem or obtaining an advisory opinion.

**2. Same: Wills § 39—**

Where it is alleged that the beneficiaries of a testamentary trust are contemplating marriage, but there is no allegation that they are engaged or a wedding date set, the courts will not give a declaratory judgment as to the duties of the executor and trustee under provisions of the will giving certain directions if the beneficiaries should marry prior to their majority.

**3. Wills § 31—**

Where the intent of testator is expressed in clear and unambiguous language there is no room for construction, and the intent of testator will be effectuated unless contrary to some rule of law or at variance with public policy.

**4. Wills § 34a—**

Ordinarily a devise or bequest to a minor must be paid to his properly qualified guardian.

**5. Same—Where will so directs, bequests to minors must be paid directly to them.**

Testator bequeathed certain jewelry to each of his children with direction to the trustee to retain possession for safekeeping until each reached the age of eighteen years, and then to deliver to each his respective share to hold absolutely, with further discretionary power to the executor to deliver the bequests at an earlier date if it would promote the happiness and best interests of the beneficiaries. *Held:* The gift of the jewelry was absolute and did not involve a passive trust, and it was the duty of the executor to deliver to each beneficiary his respective share upon his becoming eighteen years of age, since the provision for delivery merely postponed the enjoyment and not the gift, the mandate of the will is not contrary to law or public policy and may not be defeated by the contention that the minors could not execute a valid receipt.

APPEAL from *Grady, Emergency Judge,* April Term, 1953. LENOIR.

This is a civil action brought by the plaintiff as executor and trustee under the last will and testament of Dr. George F. Whitfield and as guardian of Katherine Rose Whitfield and George F. Whitefield, Jr., under the provisions of the Uniform Declaratory Judgment Act, G.S. 1-253 *et seq.* for advice and instruction by the Court as to the delivery of jewelry under Items II and III of the will, and as to its duties and responsibility as trustee in the administration of the trust estate under Item VI, sections 3 and 5 of the will.

George F. Whitfield, a resident of Kinston, died testate about 23 September, 1948. His will was duly probated, and recorded. His sole heirs and the principal legatees and devisees named in his will were his daughter Katherine Rose, who became 18 years of age on 1 February, 1953, and his son George F., who will be 17 years old on 21 August, 1953. The plaintiff was appointed executor and trustee by the will, and duly qualified as executor. The plaintiff has completed the administration of the estate, and has turned over to itself as trustee the assets belonging to the trust estate created in the will. The executor has not been discharged.

The will states that at the time of its execution the daughter was eleven years of age, and the son nine. It further states that the will is contained in twelve pages of legal cap paper, and that at the bottom of each page the testator has signed his name. The will disposed of a valuable estate— over one hundred thousand dollars of listed securities. It is apparent from reading the will that it was most carefully thought out and drawn, giving to the trustee very wide discretion in the handling of the trust estate so as to provide financial security for the testator's two children during their lives, so far as human wisdom could reasonably foresee.

The pertinent part of Item II of the will reads: "I give and bequeath to my beloved daughter, Katherine Rose Whitfield, the following personal property, to be hers absolutely: 1 diamond and sapphire bracelet; 1 diamond engagement ring; 1 diamond and ruby pin; and 1 diamond and pearl watch. In connection with this bequest I desire and direct my Executor and Trustee hereinafter named, to keep, retain and hold for safekeeping the said jewelry and watch until my daughter reaches the age of eighteen years, and to then deliver same to her, to have and to hold absolutely. I authorize and direct my said Executor and Trustee solely in its best judgment and discretion to deliver the said watch and jewelry or any part of same to my said daughter at any earlier age, if in its best judgment and discretion it deems that it will promote the happiness and best interest of my said daughter." This jewelry was appraised at $4,150.00, and had been worn by Katherine Rose's mother.

Item III of the will in almost identical language bequeaths to his son George F., Jr., the watch and ring his father wore, and all other jewelry not bequeathed in Item II of the will. This jewelry was appraised at $1,194.00.

Item VI of the will gives, devises and bequeaths all the residue and remainder of the testator's estate to the plaintiff, in trust, to be held, managed and disposed of for the uses and purposes set forth in 8 sections of said item for the benefit of his two children. The pertinent part of Section 3 of this item is as follows: "I desire and direct that said distribution of the trust estate of my said daughter as provided in the preceding subsection 2 shall be subject to the following exceptions and positive directions, to wit: That my said Trustee shall pay over and deliver to my said daughter on the day of her marriage, or as soon as practical thereafter, from either the principal or accumulated income of her said trust estate, the sum of FIVE THOUSAND DOLLARS ($5,000.00) cash, free and discharged of all trust, and to be used and enjoyed by my said daughter in such manner as she may desire, the same to be considered by her as a wedding present from me." Item V of said section contains a similar provision in respect to his son.

On or about 1 December, 1948, the plaintiff qualified as guardian of the two minors to collect the proceeds of certain U. S. Government life insurance policies on the life of the testator payable to his two children.

On her 18th birthday Katherine Rose requested the plaintiff to deliver to her the jewelry bequeathed to her in her father's will, and the plaintiff refused to deliver it. She also informed the plaintiff she was contemplating marriage prior to her 21st birthday, and would demand upon her marriage the $5,000.00 bequeathed to her by her father as a wedding present.

George F., Jr., informed the plaintiff that he would demand the jewelry bequeathed to him on his 18th birthday, and that he also was considering marriage before his 21st birthday, and would make a similar demand for the payment of $5,000.00 as a wedding present when married.

Hence, the plaintiff instituted this action. The two minors, who are defendants, appear by their guardian *ad litem* F. E. Wallace, Jr. The action came on to be heard by consent of all parties upon the pleadings filed, the evidence presented and arguments of counsel. No issue of fact is raised by the pleadings.

The court signed judgment that Katherine Rose Whitfield having become 18 years old on 1 February, 1953, is entitled to the immediate possession of the jewelry bequeathed to her in her father's will, and it is the legal duty of the trustee to deliver the jewelry to her, and upon delivery to take from her a receipt which is adjudged to be a valid receipt discharging the trustee of any further duties, liability and responsibility with respect to the jewelry. A similar adjudication was made as to the jewelry bequeathed to George F. Whitfield upon his reaching 18 years of age. The court further decreed that under the provisions of the will Katherine Rose Whitfield and George F. Whitfield will be entitled to be paid $5,000 each by the plaintiff trustee upon her or his marriage, whether either have attained the age of 21 years, and the trustee is directed to make such payment, and a receipt taken for such payment will be a valid and binding receipt, even though Katherine Rose and George F. are under 21 years of age. The court further adjudicated that the plaintiff as guardian had no legal right to receive possession of the jewelry, and no legal right to be paid by the trustee $5,000.00 for the benefit of a ward marrying while a minor. The plaintiff as trustee was directed to distribute the jewelry held by it as a passive trustee for safe-keeping as directed by the will, and to distribute the wedding presents in accordance with the will.

The plaintiff appellant states in its brief that no exceptions have been taken to any of the court's findings of fact, but merely to the conclusions of law adjudicated.

From the judgment signed the plaintiff appealed, assigning error.

*Whitaker & Jeffress for the plaintiff, appellant.*
*Wallace & Wallace for defendants, appellees.*

PARKER, J. Actions for a declaratory judgment under the provisions of G.S. 1-253 *et seq.* will lie only in a case in which there is an actual or real existing controversy between parties having adverse interests in the matter in dispute. *Lide v. Mears,* 231 N.C. 111, 56 S.E. 2d 404; *Etheridge v. Leary,* 227 N.C. 636, 43 S.E. 2d 847; *Tryon v. Power Co.,* 222

N.C. 200, 22 S.E. 2d 450. "It does not extend to the submission of a theoretical problem or a 'mere abstraction' . . . It is no part of the function of the courts . . . to give advisory opinions or to answer moot questions . . ." *Poore v. Poore,* 201 N.C. 791, 161 S.E. 532. "The Uniform Declaratory Judgment Act does not license litigants to fish in judicial ponds for legal advice." *Lide v. Mears, supra.*

The plaintiff alleges in its complaint that Katherine Rose Whitfield, who was 18 years of age on 1 February, 1953, told it that she was considering and contemplating marriage prior to her 21st birthday, and upon such marriage prior to her 21st birthday she would demand that the plaintiff pay her $5,000.00 as a wedding present from her father in accord with the provisions of Section 3, Item VI of the will. George F. Whitfield, who will be 17 years of age on 21 August, 1953, made a similar statement to the bank, and said he would make a similar demand upon his marriage under Section 5, Item VI of the will.

The lower court signed a judgment directing that the plaintiff as trustee pay to Katherine Rose Whitfield $5,000.00 upon her marriage, regardless of whether she was 21 years old at the time, and directed a similar payment to George F. Whitfield upon his marriage, though he married while a minor.

These two minors may marry before they are 21 years of age; they may not. There is no allegation in the complaint that either, or both, are engaged, and the date of the proposed wedding set. The complaint merely alleges that the minors are considering marriage before their 21st birthdays. The best-laid plans "gang aft agley."

It seems to us that the question as to whether the plaintiff as trustee shall pay to these two minors $5,000.00 as a wedding present under the will, if they, or either of them, marry before reaching the age of 21 years presents merely an academic problem, which may or may not arise. That part of the action which requests advice in the administration of the trust estate under Sec. 3 and Sec. 5 of Item VI of the will is ordered dismissed as there is no real existing controversy between the parties on that point, and will not be, unless one or both marry before reaching 21 years of age.

This question is presented: was it the duty of the plaintiff to turn over to Katherine Rose Whitfield the jewelry bequeathed to her in Item II of her father's will when she reached the age of 18 years, and is it its duty to turn over to George Franklin Whitfield the jewelry bequeathed to him in Item III of his father's will, when he reaches the age of 18 years, or to deliver to him the jewelry at an earlier age, if the plaintiff in its best judgment and discretion deems that it will promote the happiness and best interest of George Franklin Whitfield to do so?

To answer this question we must ascertain the intent of the testator as expressed in his will. When that intent is ascertained, the command of the law is "thy will be done," unless contrary to some rule of law or at variance with public policy. *House v. House,* 231 N.C. 218, 56 S.E. 2d 695; *Coppedge v. Coppedge,* 234 N.C. 173, 66 S.E. 2d 777; *Woodard v. Clark,* 234 N.C. 215, 66 S.E. 2d 888.

When the intention of the testator is clearly and consistently expressed, there is no need for interpretation. *McCallum v. McCallum,* 167 N.C. 310, 83 S.E. 250. A writing is not doubtful if it has the same meaning to everyone. *Krites v. Plott,* 222 N.C. 679, 24 S.E. 2d 531. Construction belongs to the field of ambiguity, or where different impressions are reasonably made on different minds. *Walton v. Melton,* 184 Va. 111, 34 S.E. 2d 129; *Cannon v. Cannon,* 225 N.C. 611, 36 S.E. 2d 17. A will is to be given effect according to its obvious intent. *Brock v. Porter,* 220 N.C. 28, 16 S.E. 2d 410.

Considering Dr. Whitfield's will from its four corners it is perfectly obvious that he has expressed his intent in language that is clear, definite, explicit and plain of meaning that his daughter Katherine Rose should be given by the plaintiff the jewelry bequeathed to her in Item II of his will when she reached the age of 18 years, if not earlier, and a similar intent in respect to his son as to the jewelry bequeathed to him in Item III of his will. There is no room for construction, and the courts must give effect to his will, as he has seen proper to express it, unless contrary to law or public policy. *McCallum v. McCallum, supra; Coppedge v. Coppedge, supra.*

Where a will does not specifically provide when a legacy shall be delivered or paid, it seems to be the general rule that a bequest to, or the distributive share of a minor, can be legally paid only to his properly qualified guardian in his fiduciary capacity. 34 C.J.S., Executors and Administrators, p. 400 *et seq.;* Schouler on Wills, Executors and Administrators (6th Ed.), sec. 3094; *Walker v. Walker,* 7 N.C. 265; *Trust Co. v. Walton,* 198 N.C. 790, 153 S.E. 401.

A different question arises when the testator fixes in his will the time for the payment or delivery of legacies.

In 69 C.J., Wills, sec. 2633, it is written: "It is perfectly competent for the testator to fix by will the time for payment or delivery of legacies therein provided for, so long as his restrictions violate no rule of law, and the period is not so uncertain as to be unreasonable, and a court has no power to alter the time of payment so prescribed. Thus, the testator may fix the time of payment within sixty days after his death, on the arrival of the legatee at majority, or some earlier or later age. . . ." This appears to be the general rule though in *Re Robertson,* 17 Ont. L. 568, 13 Ont. W. R. 208; *Re Noyes,* 17 Ont. W. N. 302, it has been held that direc-

tions to pay to minor have been held not final in the absence of a provision in the will that the infant's receipt shall be a sufficient discharge.

4 Page on Wills (Lifetime Ed.), sec. 1589, states the law thus: "If testator provides specifically in his will at what time a legacy is to be paid, this direction will be enforced, provided that it is not in violation of the rule against perpetuities, and provided it does not violate the rights of testator's creditors. . . . Where testator provides that a certain legacy shall be paid to the beneficiary upon his arrival at majority, or some other specified age, it is payable only at the time fixed. It may, however, be made payable to the legatees personally even though they are not of age." Citing many authorities from various states.

"Wills often contain special provisions as to time of payment which must be followed." Schouler, *supra,* sec. 3153.

That the respective legacies of jewelry are vested and absolute is undeniable. *Shelton v. King,* 229 U.S. 90, 57 L. Ed. 1086, 33 S. Ct. Rep. 686. The provisions in the will as to when the jewelry should be delivered did not postpone the gift, but only its enjoyment. *Coddington v. Stone,* 217 N.C. 714, 9 S.E. 2d 420.

Our decisions are in accord with the rule stated in C.J.S., *supra;* Page on Wills, *supra;* Schouler, *supra.* The general rule in respect of interest on legacies, when immediately payable, and not promptly paid, is that they bear interest from the end of one year after the testator's death. *Shepard v. Bryan,* 195 N.C. 822, 143 S.E. 835. In *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356, the legacy was payable when the legatee "becomes 30 years old." The Court said: "The amount bequeathed, thirty thousand dollars, will be due and payable at that time, and it bears no interest in the interim." To the same effect *Croom v. Whitfield,* 45 N.C. 143; *Holt v. Hogan,* 58 N.C. 82.

In *Cannon v. Cannon, supra,* it was held as correctly summarized in the first headnote: "Where a trust is created by will and by the terms of the trust the income is payable to a beneficiary for a designated period, the beneficiary is entitled to income from the date of the death of the testator, *unless it is otherwise provided in the will."*

These are cases where the will specifically provides when the legacy or devise is to be paid or to take effect. *Gibbons v. Dunn,* 7 N.C. 548; *Southerland v. Cox,* 14 N.C. 394; *Varner v. Johnston,* 112 N.C. 570, 17 S.E. 483; *Hill v. Jones,* 123 N.C. 200, 31 S.E. 474; *Halliburton v. Phifer,* 185 N.C. 366, 117 S.E. 296. See also *Jackson v. Langley,* 234 N.C. 243, 66 S.E. 2d 899, where the will fixed the time when the legal and equitable title should vest, discharged of the trust.

Dr. Whitfield died in September, 1948, leaving a large estate. No rights of creditors are involved. The provisions of his will do not violate the rule against perpetuities. It is very apparent from his will that Dr.

Whitfield was devoted to his two children. He bequeathed to the plaintiff as trustee a large estate to secure the objects of his affection, as far as property can do it, from the vicissitudes of fortune. We can perceive of no reason, no public policy, no rule of law why his jewelry should not be delivered to his daughter and son on their 18th birthdays for such was obviously his intent as set forth in his carefully thought out and drawn will. To hold, as contended for by the plaintiff, that these two minors cannot receive this jewelry on their 18th birthdays, because they cannot give to the plaintiff a binding receipt releasing and discharging it of liability by reason of their infancy would be for the court to alter their father's will as to the time of delivery of the jewelry. This the court has no power to do. When the intent of the testator as written in his will is ascertained, the mandate of the law is to enforce the will, unless contrary to law or public policy. *Williams v. Rand,* 223 N.C. 734, 28 S.E. 2d 247; *House v. House, supra; Seawell v. Seawell,* 233 N.C. 735, 65 S.E. 2d 369; *Coppedge v. Coppedge, supra; Woodard v. Clark, supra.*

The judgment of the experienced and learned trial judge as to the delivery of the jewelry as provided for in Items II and III of the will was correct.

Katherine Rose Whitfield and George F. Whitfield are donees of a gift made to them by their father in his will. The cases cited by the appellant in its brief dealing with the disaffirmance by an infant of a contract, other than for necessaries, are entirely different.

The lower court adjudicated that the plaintiff held the jewelry as a passive trust for safekeeping. It is not a passive trust for legal title to the jewelry was not placed in the plaintiff by the will. *Bank v. Sternberger,* 207 N.C. 811, 178 S.E. 595.

All the assignments of error of the plaintiff appellant as to that part of the action for instructions as to Items II and III of the will are not tenable.

For the reasons hereinbefore stated, plaintiff's assignments of error in the ruling of the court below as to Item VI, secs. 3 and 5, of the will are sustained.

The cause is remanded for judgment in accordance with this opinion.

Modified and affirmed.