Battue, J.
 

 If a residuary fund be given by will
 
 “
 
 to the children of a certain person, to be equally divided between them,”
 
 asa class,
 
 and one of them die in the life time of the testator, his share will lapse lor the benefit of the other residuary legatees.
 
 Viner
 
 v.
 
 Francis,
 
 2 Cox Rep., 190. But if such a fund he given to the children,
 
 nominatim,
 
 or, to the six or any other number of children, to be equally divided between them, and one of the children die before the testator, his or her share will lapse, but will not fall into the residue for the benefit of the other children, whose shares, it is said, cannot be enlarged by such an event.
 
 Johnson
 
 v.
 
 Johnson,
 
 3 Ire. Eq., 426.
 
 Owen
 
 v.
 
 Owen,
 
 1 Atk., 494.
 
 Page
 
 v.
 
 Page,
 
 2 Peer Wms., 489.
 
 Ackroyd v. Smithson,
 
 1 Bro. C. C., 503. These cases show that the lapsed residuary share is undisposed of by the will, and must be distributed among the next of kin. In the case of
 
 Allison
 
 v.
 
 Allison,
 
 3 Jones’ Eq., 236, a contrary doctrine was laid down, as it had also been in England by Sir Joseph Jekyil, the master of the Rolls, in the case of
 
 Hunt
 
 v.
 
 Berkeley,
 
 decided in the year 1731. But
 
 Hunt
 
 v.
 
 Berkeley
 
 was after-wards expressly referred to and overruled by the cases of
 
 Owen
 
 v.
 
 Owen
 
 and
 
 Page
 
 v.
 
 Page,
 
 and the ruling in the latter cases is now considered the settled doctrine in England. In like manner we must hold that the part of the decision in
 
 Allison
 
 v.
 
 Allison,
 
 which relates to the residuary share of one of the children, that lapsed by his death in the life oí the testator, cannot be sustained. In the case which is n'ow before us the death of one of the children and residuary legatees, in the life time of the testatrix, caused the
 
 *3
 
 lapse of the share intended for him, and, upon the authority of the English cases and of
 
 Johnson
 
 v.
 
 Johnson,
 
 in this court, we hold that it does not go to the other residuary legatees, but to the defendant, Ann Rebecca Scott, who is the sole next of kin of the testatrix. There may be a decree for an account and settlement in accordance with this opinion, the costs to be paid out of the funds in the hands of the executor.
 

 Per Curiam.
 

 Decree accordingly.