TWITTY & CHURCHILL v. A. M. MARTIN and others.

## *Will—Lapsed and void Legacies.*

1. Where there is no residuary clause in a will, a bequest to a child by name who dies before the testator, lapses, and goes to the next of kin, and not to the other named legatees of the same class of which the deceased child was a member.

2. A legacy to one deceased at the time the will is made is void, and goes to the next of kin.

3. A legacy to the children of a deceased uncle, to be equally divided between them, is confined to those children who are living at the testator's death.

(*Johnson* v. *Johnson*, 3 Ired. Eq., 426; *Winston* v. *Webb*, Phil. Eq., 1; *Mebane* v. *Womack*, 2 Jones' Eq., 293; *Robinson* v. *McIver*, 63 N. C., 645; *Scales* v. *Scales*, 6 Jones' Eq., 163, cited and approved).

CIVIL ACTION for construction of will, heard at Spring Term, 1883, of RUTHERFORD Superior Court, before *Shipp, J.*

The plaintiff executors of the will of Sarah Hamilton, deceased, ask for advice and directions as to how to carry out the provisions of the will of their testatrix, the material clauses of which are set out in the opinion here.

It appearing that the estate had been reduced to personalty, His Honor adjudged:

1. That the legacy to Rachel, wife of John T. Sayers, she having died after the will was made and before the testatrix, is

a lapsed legacy, and goes to the plaintiffs to be distributed among the next of kin.

2. The legacy to Margaret, wife of J. M. Comer, she having died before the making of the will, is void, and the fund must be distributed among the next of kin.

3. That the one-third part of the estate bequeathed to the children of Abner Sayers, goes to those of his children who were alive at the time of the death of the testatrix, to be equally divided between them.

From this ruling and judgment the defendants appealed.

*Mr. J. A. Forney*, for plaintiffs.
No counsel for defendants.

MERRIMON, J. It is very clear that the testatrix directed the whole of her estate, both real and personal, except the devise and bequest, to Phillis Maslin, provided in the fourth paragraph of the will, to be turned into a cash fund, and (after the payment of debts, costs of administration and a legacy of $1,000 to William H. Miller) divided into three equal parts. To this end she devised the whole of her real estate, with the exception mentioned, to her executors, with power to sell the same "at public or private sale," in such way as in their judgment would prove " most advantageous to my estate."

One of these three equal parts she bequeathed to Joanna Bailey and Mary Allison, daughters of her uncle David Sayers, to be divided equally between them. As to this part no question is raised.

In respect to the second of the three parts the will provides: " One part to the children of my deceased uncle, James Sayers (except Reuben), and to Jossie, daughter of William Sayers, deceased (who was a son of my uncle James), namely, John G. Sayers; Rachel, wife of John T. Sayers; Elizabeth, wife of Stephen Kirby, and Jossie above named ; the children of Reuben Sayers, who is a son of my uncle James, namely, J. Howe

Sayers; Lettie, wife of A. C. Dunn; Lizzie, wife of J. G. Dedrick, and Margaret, wife of J. M. Comer, all to represent their father, so that this one-third of the proceeds of the sale of lands and the other moneys will be divided into five parts, one of which is to be given to John G. Sayers, one to Rachel Sayers, one to Elizabeth Kirby, one to Jossie, daughter of William Sayers, deceased, and one to the children of Reuben above mentioned."

Of the legatees named in this clause of the will, Rachel Sayers, a widow, died in February, 1881, *after* the execution of the will and *before* the death of the testatrix, in September, 1881, leaving children surviving her.

It was insisted in the argument before us, that it appears sufficiently upon the face of the will, that the testatrix, in dividing her estate into three equal parts, intended to give the greater part thereof to the children of her three uncles, to the exclusion of a great number of other next of kin; and in case of the lapse of a share intended for a particular child named, it should not lapse generally for the benefit of the next of kin, in the absence of a residuary provision in the will, but for the benefit of the children of such child, or for the benefit of the legatees of the class of which he or she was a member.

We cannot accept this as a proper construction of the will. It does not appear who were her next of kin, or what number she had, from anything stated, or suggested in it. There is nothing in its terms or general provisions that indicate such a purpose as that suggested, or, that the property should pass in any other way than according to the ordinary rules of law applicable in cases of valid and lapsed legacies. She does not mention any general purpose or plan she had in view as to the circumstances or number of her family, or her relatives, or other considerations, that led her to make the specific dispositions of her estate provided for. Nor is there any special provision in respect to lapsed legacies, or in favor of the children of a legatee who might die before the death of the testatrix, or of any other per-

son or class of persons. Why she failed to make such provision, we have no means of knowing; nor are we at liberty to enquire or conjecture. We must construe the will as it comes to us. We cannot add to, take from, or modify it, by conjecture founded on vague and remote inferences as to her intention, in the various contingencies growing out of her will that have happened since her death. We might conjecture that her purpose was one thing; the counsel, another; the executors, a third; and the persons interested, others still. The will must be construed by what is said and provided in it, according to well settled rules of construction.

There is nothing in the will that indicates any purpose of the testatrix that any of its provisions should take effect before her death. Hence it speaks as of the time she died. THE CODE, §2141.

In the absence of any express or implied provision in favor of the children of Rachel Sayers, the court cannot supply one; to do so, would be to supplement and make her will in this respect. She made no such provision in terms or effect, and therefore, the ordinary rules of law must apply.

It is plain that the legacy intended for her lapsed; and hence, it must go to the next of kin according to law. The bequest was to the children of James Sayers and others, naming each one of them. It was not a bequest to a class collectively, but to them severally and *nominatim.* In such a case the lapsed legacy goes, in the absence of residuary legatees, to the next of kin. *Johnson* v. *Johnson,* 3 Ired. Eq., 426; *Winston* v. *Webb,* Phil. Eq., 1; *Mebane* v. *Womack,* 2 Jones' Eq., 293; *Robinson* v. *McIver,* 63 N. C., 645.

Margaret Comer, mentioned as a legatee in the will, died in the year 1876, *before* the will was executed. This legacy was void. There was no one in being, at the time the will was executed, to take it, and there is no provision indicating a purpose to give it to the surviving husband or children of the supposed legatee, or any other person. It does not pass to the other legatees, because the bequest

.was not made to a class collectively, of which she was intended to be one, but to the several persons named. The legacy intended for her, therefore, passes to the next of kin of the testatrix. *Scales* v. *Scales*, 6 Jones' Eq., 163.

The clause of the will disposing of the third of the three parts mentioned, provides that "the remaining third of the proceeds of the sale of land and other moneys is to be given to the children of my deceased uncle, Abner Sayers, and equally divided among them—their names, except that of William Sayers, I do not know."

John T. Sayers was a son of Abner Sayers, mentioned in the last recited clause, but he died in the year 1865. He is not mentioned by name in the will. He died many years before it was executed, and it cannot be construed as having any reference to him. The clause speaks of and provides for a class or family, and it means a class of living children. It embraces only the children of Abner Sayers living at the time of the death of the testatrix. *Scales* v. *Scales, supra.*

Joanna Allison, as the complaint states, was a daughther of Abner Sayers mentioned in the last recited clause. She died in January of 1881, *after* the execution of the will, leaving children surviving her. No legacy was given to her by name. She was one of a class of legatees who took collectively and not *nominatim.* The bequest went, therefore, to her brothers and sisters surviving at the death of the testatrix.     *Winston* v. *Webb, supra.*

There is no error in the advice and direction given by the court below, and we approve and affirm the same.

No error.                                  Affirmed.