E. M. WASHBURN v. O. B. BIGGERSTAFF.

(Filed 16 May, 1928.)

**1. Wills—Construction—General Rules of Construction.**

In construing a devise of lands the courts will give effect to the intention of the testator as expressed in the will, and may, for that purpose reject, supply, or transfer words and phrases.

**2. Wills—Construction—Estates and Interests Created.**

A devise of lands to the wife of the testator for life, and at her death or remarriage to their two children, by name, for their natural lives for the heirs of their bodies: *Held*, after the death of the widow, the devise is not a trust created in the children as trustees for the "heirs of their bodies," and the devise not falling within the rule in *Shelley's case*, and there being no expression in the will to show an intent of the testator to create an estate of less degree than fee, C. S., 4162, it constitutes an estate tail, converted by our statute into a fee simple. C. S., 1734.

APPEAL by defendant from *Moore, J.,* at October Term, 1927, of RUTHERFORD. Affirmed.

Submission of controversy without action on agreed facts. J. B. Harrill died on 1 July, 1890, leaving a last will and testament containing the following devise: "I give, bequeath and devise to my beloved wife Martha L. Harrill, all my real and personal property during her natural life or widowhood, and at her death or marriage, I devise that my real property be equally divided between my two children Kansas O. Harrill and Gaston Scales Harrill to have and to hold the same during their natural lives for the heirs of their bodies, and that the personal property be equally divided between them to have and dispose of as they may elect." Surviving him were his wife, Martha L. Harrill, one daughter, Kansas O. Harrill, who has several living children, and one son, Gaston Scales Harrill, who had no children when the testator died and has none now. The testator at the time of his death was seized of a tract of land containing 32⅞ acres. The widow died after the death of the testator and the son and daughter partitioned all the lands belonging to their father at the time of his death. After the land had been divided Gaston Scales Harrill and his wife executed a deed in fee for

the tract containing 327/8 acres and the plaintiff claiming through *mesne* conveyances acquired the title. On 15 August, 1927, the plaintiff and the defendant entered into a written contract by which plaintiff was to convey to the defendant for value the tract above described; thereafter the plaintiff tendered to the defendant a deed in fee for the land with the usual covenants of warranty, and the defendant refused to accept the conveyance or to pay the purchase price for the alleged reason that the plaintiff is not the owner of the land in fee.

ˇ Upon these facts it was adjudged in the lower court that the plaintiff has title in fee and that the defendant accept the deed tendered him by the plaintiff and pay the purchase price in accordance with his contract. The defendant excepted to the judgment and appealed.

*Edwards & Dunagan for plaintiff.*
*W. K. Harrill and Robert S. Eaves for defendant.*

ADAMS, J. The devise is not controlled by the rule in *Shelley's case*, There is no limitation after a freehold, either mediately or immediately, to the heirs in fee or in tail of the first taker as a class of persons to take in succession from generation to generation. The widow is dead and the controversy is to be determined by an interpretation of the clause, "And at her death or marriage I devise that my real property be equally divided between my two children Kansas O. Harrill and Gaston Scales Harrill to have and to hold the same during their natural lives for the heirs of their bodies."

It is provided by statute that a devise of real estate shall be held and construed to be a devise in fee simple unless it shall plainly appear that the testator intended to convey an estate of less dignity. C. S., 4162; *Barbee v. Thompson,* 194 N. C., 411. But in the interpretation of the devise the cardinal purpose must be to give effect to the intention of the testator as expressed in the will; and for the purpose of arriving at his intention the court may reject, supply, or transpose words and phrases. *Gordon v. Ehringhaus,* 190 N. C., 147; *McIver v. McKinney,* 184 N. C., 393; *Pilley v. Sullivan,* 182 N. C., 493.

We do not construe the devise as an attempt to create a trust by making the son and daughter trustees "for the heirs of their bodies." This interpretation would be directly contrary to the testator's evident intention. It is quite manifest that he intended to devise his real property to his son and daughter and the heirs of their bodies. Such devise constitutes an estate-tail at common law which, under the act of 1784, is converted into a fee simple. C. S., 1734. In *Coon v. Rice,* 29 N. C., 217, the bequest was as follows: "I give and bequeath unto my daughter Elizabeth Coon, during her natural life, at the end of which

40—195

to the only heirs of her body, one negro girl named Riah, this to the aforementioned to them and their heirs forever." Construing the clause, the Court said: "If the property had been land, and Joseph Richards had devised it to his daughter Elizabeth Coon for life, 'at the end of which to the only heirs of her body, this to the aforementioned, *to them and their heirs,*' it would in law have been an immediate estate tail, vested in Elizabeth Coon. In looking over the whole will there is not a word in it to indicate that the testator intended 'children' when he used the words 'heirs of the body of Elizabeth Coon.' These words must, therefore, have their legal effect, and inasmuch as they would have created an estate tail in Mrs. Coon if the subject-matter had been land, they in law create in her an absolute estate in Riah, she, Riah, being personal property." Judgment

Affirmed.