W. H. RENN, JR., AND WIFE, MILDRED CARTER RENN; EUTICUS THOMAS RENN AND WIFE, RACHEL ADAMS RENN; MARY E. RENN TAFF AND HUSBAND, C. B. TAFF, v. BETTIE WILLIAMS, NANNIE WILLIAMS AND ELLIS NASSIF, GUARDIAN FOR BETTIE WILLIAMS AND NANNIE WILLIAMS.

(Filed 18 April, 1951.)

**1. Wills § 38—**

In the absence of an apparent intention to the contrary, a residuary clause will be construed to pass not only all interests in land not otherwise specifically devised or provided for, but also any interest included in a devise which lapses or becomes void or incapable of taking effect, G.S. 31-42, so as to prevent intestacy as to any part of the estate.

**2. Wills § 32—**

It will be presumed that a person who makes a will does not intend to die intestate as to any part of his property, and where a will is susceptible to two interpretations, one resulting in complete testacy and the other in partial intestacy, the former will be adopted.

**3. Wills § 38—**

Property included in a devise to a person who attested the execution of a will so that the devise is void under G.S. 31-10 passes under the residuary clause of the will, there being nothing in the instrument to indicate a contrary intention.

APPEAL by defendants from *Harris, J.,* at Chambers, 17 March, 1951. From WAKE. Affirmed.

This was a suit to determine the devolution of certain real property under the will of Mary Alice Williams, heard upon an agreed statement of facts. From the judgment rendered, defendants appealed.

*Manning & Joslin for plaintiffs, appellees.*
*Ellis Nassif for defendants, appellants.*

Devin, J.   The will of the decedent, which was duly admitted to probate 11 June, 1945, contained the following pertinent provisions:

"1. To Bennie Corbitt Hall one hundred acres of land where he now lives. . . .

"3. To Rudolph Renn I give the rest of my real and personal property at the death of my three sisters.   My sisters to have full possession till their death."   .

One of the sisters of the testatrix died intestate and without issue, and the two surviving have been adjudged incompetent and are represented by their general guardian.

Rudolph Renn died intestate and without issue in 1950 leaving the named plaintiffs as his only heirs.

The wife of Bennie Corbitt Hall having attested the execution of the will of Mary Alice Williams, the devise to him of one hundred acres of land was rendered void by the statute G.S. 31-10.   It was so adjudged by the clerk and admitted by all parties.   *Hampton v. Hardin,* 88 N.C. 592 (595); 2 Mordecai Law Lectures, p. 1180.

The question presented by this appeal then is whether the real property covered by the ineffectual devise in item 1 of the will, admittedly rendered void by the statute, should be included in the residuary devise set up in item 3, or pass as undevised real property to the heirs at law of Mary Alice Williams, the testatrix.

One of the rules for the construction of wills is prescribed by G.S. 31-42 as follows: "Unless a contrary intention shall appear by the will, such real estate or interest therein as shall be comprised or intended to be comprised in any devise in such will contained which shall fail or be void by reason of the death of the devisee in the lifetime of the testator, or by reason of such devise being contrary to law, or otherwise incapable of taking effect, shall be included in the residuary devise (if any) contained in such will."   It was intended by this statute, enacted in 1844, that the property passing by residuary clause of a will should comprise all the estate owned by the testator at time of his death not otherwise specifically devised or provided for, and should include any described in a devise which may have lapsed, or become void or incapable of taking effect.   *Faison v. Middleton,* 171 N.C. 170, 88 S.E. 141; *Trust Co. v. Cowan,* 208 N.C. 236, 180 S.E. 87; *Shoemaker v. Coats,* 218 N.C. 251, 10 S.E. 2d 810.

Furthermore, as a general rule it is required in the construction of a will that the residuary clause be so interpreted as to prevent intestacy as to any part of the estate, unless there is an apparent intention to the

contrary. *Featherstone v. Pass,* 232 N.C. 349, 60 S.E. 2d 236; *Ferguson v. Ferguson,* 225 N.C. 375, 35 S.E. 2d 231; *Faison v. Middleton, supra.* The presumption is that one who makes a will does not intend to die intestate as to any part of his property. *Holland v. Smith,* 224 N.C. 255, 29 S.E. 2d 888; *Gordon v. Ehringhaus,* 190 N.C. 147, 129 S.E. 187. Testacy presupposes no intestacy, and "where a will is susceptible of two constructions, the one favorable to complete testacy, and the other consistent with partial intestacy, in the application of the presumption, the former construction will be adopted and the latter rejected." *Ferguson v. Ferguson, supra,* and cases there cited.

The language in which the will of Mary Alice Williams was expressed seems to indicate a purpose to dispose of all her property by that instrument. We perceive no expression of a contrary intention. Hence we conclude that Judge Harris has ruled correctly, and that the property described in the attempted devise to Bennie Corbitt Hall, which devise became void by reason of the statute, passed under the residuary clause in the will to Rudolph Renn, and upon his subsequent death descended to his heirs at law.

Judgment affirmed.