MARY M. MEWBORN, WIDOW; LOIS MEWBORN SUTTON, WIDOW; JANE MEWBORN SUTTON AND HUSBAND, HAROLD MILTON SUTTON; PAUL HODGES MEWBORN AND WIFE, LILLIE MAE MEWBORN; UNA MEWBORN SWINSON AND HUSBAND, SIDNEY ALBERT SWINSON; JEWELL MEWBORN UZZELL AND HUSBAND, ROBERT LEE UZZELL; AND SHEPHARD MEWBORN BRANN *v.* LORETTA LEE MEWBORN, GARY HODGES MEWBORN, PAULETTE WALKER MEWBORN AND CLAUDIA MAE MEWBORN, MINORS; AND UNBORN CHILDREN OF PAUL HODGES MEWBORN AS MAY BE HEREAFTER BORN TO PAUL HODGES MEWBORN, AND ANY CHILD OF CHILDREN OF PAUL HODGES MEWBORN IN ESSE AT THE DEATH OF PAUL HODGES MEWBORN.

(Filed 15 January, 1954.)

**1. Wills § 31—**

The intent of a testator is to be ascertained, if possible, from a consideration of his will from its four corners, and such intent should be given effect unless contrary to some rule of law or at variance with public policy.

**2. Same—**

In order to effectuate the intention of the testator, the court may disregard or supply punctuation, as well as transpose words, phrases, or clauses. Even words, phrases, or clauses will be supplied in the construction of a will when the sense of the phrase or clause in question, as collected from the context, manifestly requires it.

**3. Wills § 33g—Devise to persons as tenants in common for life remainder to their children does not provide for survivorship.**

Testator devised his wife a life estate in the property and then provided that after her death the lands should go to two of his named children for the term of their natural lives, the lands to be equally divided between them, and after "the death" of the named children the lands should then "go to their children." *Held:* Upon the death of testator the named children became tenants in common for life in the lands subject to their mother's life estate, and the provision that upon their death the lands should go to their children will be construed "upon their respective deaths the lands should go to their respective children," so that upon the death of one

of them without surviving issue his share must be divided *per stirpes* among testator's heirs.

APPEAL by defendants from *Frizzelle, Resident Judge* of the Fifth Judicial District, at Chambers, 21 August, 1953. From GREENE.

This is an action instituted by the plaintiffs against the defendants pursuant to the provisions of the Uniform Declaratory Judgment Act, for the purpose of having Items 3 and 4 of the last will and testament of W. D. Mewborn, deceased, construed by the court in order to determine the title to the lands described therein.

This cause was heard by his Honor by consent of the parties and their respective counsel upon the pleadings and exhibits attached thereto, trial by jury having been waived.

The additional facts necessary to a disposition of this appeal are stated below.

1. W. D. Mewborn, a citizen and resident of Greene County, North Carolina, died on 22 April, 1924, leaving a last will and testament which was duly probated in the office of the Clerk of the Superior Court of the aforesaid county, on or about 6 May, 1924. Items 3 and 4 of said will are as follows:

"3. I give and devise to my beloved wife, Mary M. Mewborn, all of my real estate that I may die seized and possessed of for the term of her natural life.

"4. After the death of my beloved wife, I give and devise to George Washington Mewborn and Paul Hodges Mewborn my home place where I now reside at Jason, North Carolina, containing about 125 acres, and what is known as the Hart Place in Shine, Greene County, North Carolina, and 60 acres of the tract of land known as the Shine's Farm, said 60 acres lying adjacent to the lands hereinbefore devised, for a term of their natural lives; said tracts of land to be equally divided between them and after the death of the said George Washington Mewborn and Paul Hodges Mewborn it is my will and desire that the aforesaid tracts of land go to their children."

2. The will of the decedent contains no residuary clause, or other provision for the vesting of properties not specifically devised.

3. The testator at the time of his death left surviving as his heirs at law, Mary M. Mewborn, his widow, and the following children, to wit: George Washington Mewborn, Paul Hodges Mewborn, Jane Mewborn, Annie Ilene Mewborn, Una Lee Mewborn, Clara Lois Sutton, Laura Jewell Uzzell and Walter D. Mewborn, Jr.

4. W. D. Mewborn, Jr., died intestate on 28 November, 1945, without issue surviving. George Washington Mewborn, one of the devisees named in Item 4 of said will, died 1 July, 1952, without child or children sur-

viving him, having never married. Ilene Mewborn Brann, who is the same person named in paragraph 3 above as Annie Ilene Mewborn, died intestate prior to the death of George Washington Mewborn, leaving surviving as her sole heir at law the plaintiff Shephard Mewborn Brann.

5. Plaintiffs Mary M. Mewborn, widow, Lois Mewborn Sutton, widow, Jane Mewborn Sutton, Paul Hodges Mewborn, Una Mewborn Swinson, Jewell Mewborn Uzzell and Shephard Mewborn Brann, are the sole surviving heirs at law of W. D. Mewborn, deceased.

6. The defendants Loretta Lee Mewborn, Gary Hodges Mewborn, Paulette Walker Mewborn, and Claudia Mae Mewborn, are the minor children of Paul Hodges Mewborn, the other devisee named in Item 4 of the last will and testament of W. D. Mewborn, deceased. These defendants are represented in this proceeding by their duly appointed guardian *ad litem,* George W. Edwards, who, in apt time, filed an answer in behalf of his wards.

On the foregoing facts, his Honor held as a matter of law that Una Mewborn Swinson, Jane Mewborn Sutton, Lois Mewborn Sutton, Paul Hodges Mewborn, Jewell Mewborn Uzzell, and Shephard Mewborn Brann, as tenants in common in the remainder of the portions of said lands devised to George Washington Mewborn for life by Item 4 of the said will, are entitled to have the lands devised in Item 4 of the will, divided into two equal parts, under appropriate proceedings, and one part allotted to the plaintiff Paul Hodges Mewborn, under the terms of the will, and the other one-half set apart to the said Una Mewborn Swinson, Jane Mewborn Sutton, Lois Mewborn Sutton, Paul Hodges Mewborn, Jewell Mewborn Uzzell and Shephard Mewborn Brann, as the sole heirs at law of W. D. Mewborn, deceased, subject to the life estate of Mary M. Mewborn in said lands.

Judgment was entered accordingly and the defendants appeal, assigning error.

*Wallace & Wallace for appellees.*
*George W. Edwards for appellants.*

DENNY, J. The intent of a testator is to be ascertained, if possible, from a consideration of his will from its four corners, and such intent should be given effect unless contrary to some rule of law or at variance with public policy. *Coppedge v. Coppedge,* 234 N.C. 173, 66 S.E. 2d 777; *Elmore v. Austin,* 232 N.C. 13, 59 S.E. 2d 205; *House v. House,* 231 N.C. 218, 56 S.E. 2d 695; *Cannon v. Cannon,* 225 N.C. 611, 36 S.E. 2d 17; *Williams v. Rand,* 223 N.C. 734, 28 S.E. 2d 247; *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356.

In order to effectuate the intention of the testator, the court may disregard or supply punctuation, as well as transpose words, phrases, or clauses. Even words, phrases, or clauses will be supplied in the construction of a will when the sense of the phrase or clause in question, as collected from the context, manifestly requires it. *Coppedge v. Coppedge, supra; Williams v. Rand, supra; Heyer v. Bulluck, supra; Washburn v. Biggerstaff,* 195 N.C. 624, 143 S.E. 210; *Gordon v. Ehringhaus,* 190 N.C. 147, 129 S.E. 187.

"It is very generally held that, where the gift is to several persons for life and at 'their death' to 'their' children, the fact that the phrase 'their death' must be read 'their respective deaths' may warrant the reading of the phrase 'their children' as 'their respective children.' " *Bool v. Mix,* 17 Wend. (N.Y.) 119, 31 Am. Dec. 285; Anno: 16 A.L.R. 123; 57 Am. Jur., Wills, section 1315, page 870; *Horne v. Horne,* 181 Va. 685, 26 S.E. 2d 80; *Cook v. Cook,* 292 Ky. 53, 165 S.W. 2d 971.

In the case of *Horne v. Horne, supra,* the Supreme Court of Virginia passed upon a provision in a deed involving the same question posed on this appeal. The deed dated 2 May, 1903, executed by R. R. Horne and wife, reserved a life estate in themselves in the lands involved and conveyed remainders therein for life to their sons, George R. Horne and C. R. Horne, with remainders after their deaths "to their lawful children." C. R. Horne died 15 April, 1930, leaving four children. George R. Horne died without issue on 19 August, 1941. The court held that "the words 'their children' when employed in gifts of future estates after life estates given to two or more brothers or sisters with remainder 'to their children' invariably means to 'their respective children,' . . ." Whereupon, the Court affirmed the ruling of the lower court to the effect that George R. Horne having died without issue, the portion of the estate conveyed to him for life reverted to the estate of the original grantor.

In the instant case, the testator not only contemplated an equal division of the devised tracts of land between his sons George Washington Mewborn and Paul Hodges Mewborn, but he directed that upon the death of his wife the lands should be so divided. Therefore, upon the death of the testator they became tenants in common for life in the devised lands, subject to the life estate of their mother, Mary M. Mewborn.

Ordinarily where the will or deed creates life tenancies in common, it is held to indicate an intent on the part of the testator or grantor that the remainders shall pass *per stirpes* and not *per capita. Horne v. Horne, supra,* 57 Am. Jur., Wills, section 1315, page 870; Anno: 16 A.L.R. 17, 78 A.L.R. 1387, 126 A.L.R. 159, 13 A.L.R. 2d 1031. *Cf. Haywood v. Rigsbee,* 207 N.C. 684, 178 S.E. 102.

We think the provision in Item 4 of the will of W. D. Mewborn, directing an equal division of the lands devised therein between the two life

takers, indicates a clear intent on the part of the testator that upon the death of his wife, the first taker for life, the sons should hold their shares in the devised lands in severalty. Therefore, upon their respective deaths their respective shares would go to their respective children, if each one of them had children. But, since George Washington Mewborn died without issue, the interest in the lands devised to him for life reverted to the estate of W. D. Mewborn. Moreover, this conclusion is consonant with the terms and provisions of the entire will. It contains nothing that indicates an intent to give to the children of Paul Hodges Mewborn any more than he undertook to provide for the children of his other heirs at law.

The judgment of the court below is

Affirmed.