WACHOVIA BANK & TRUST COMPANY, ADMINISTRATOR C.T.A., D.B.N. OF FRANK JULIUS LIIPFERT, DECEASED, AND WACHOVIA BANK & TRUST COMPANY, SUCCESSOR TRUSTEE UNDER THE WILL OF FRANK JULIUS LIIPFERT, DECEASED, v. THEO LIIPFERT TALIAFERRO; MILES CHRISTOPHER HORTON, JR., AND HIS WIFE, RUTH CLINE HORTON; FRANK LIIPFERT HORTON; JULIA CAROLINE HORTON, A MINOR; MILES CHRISTOPHER HORTON, JR., GUARDIAN AD LITEM FOR JULIA CAROLINE HORTON, A MINOR; AND WILLIAM S. MITCHELL, GUARDIAN AD LITEM FOR UNBORN PERSONS.

(Filed 1 May, 1957.)

1. Wills § 31—

In construing a will, the intent of the testator as gathered from the entire instrument will be given effect unless contrary to some rule of law or at variance with public policy.

**2. Same—**

In construing a will, greater regard is to be given to the dominant purpose of the testator as ascertained from the language used, construed as a whole, than to the use of any particular words.

**3. Wills § 33d: Trusts § 28—Trust for use of married woman held to terminate upon the dissolution of the marriage by divorce.**

Testator died, survived by his wife, son, and daughter. At the time of the execution of his will his daughter and her husband had separated, and she and her two children were living in his home. The will set up a trust to last during the life of his wife and for that period after her death during which his daughter should be married. *Held:* The purpose in continuing the trust during the period the daughter should be married was to protect his daughter during coverture and referred to her then marriage, and therefore upon the termination of that marriage by divorce prior to the death of the widow, the trust terminates in accordance with the dominant purpose of testator upon the death of the widow, notwithstanding the later remarriage of the daughter.

**4. Trusts § 28—**

The duration of a trust depends largely on the intention of the trustor as gathered from a proper construction of the instrument and the nature and purposes of the trust.

**5. Same—**

Even after the termination of a trust in accordance with the terms of the instrument, the fiduciary relationship continues between the trustee and the beneficiaries until the beneficiaries have received their share of the *corpus* of the trust.

APPEAL by all the defendants, except Theo Liipfert Taliaferro, from *Crissman, J.,* January Term 1957 of FORSYTH.

This is an action brought pursuant to the provisions of our Declaratory Judgment Act, G.S. 1-253, *et seq.,* for the construction of the last will and testament of Frank Julius Liipfert, deceased.

The Wachovia Bank & Trust Company, the plaintiff, a North Carolina banking institution, was appointed administrator *c.t.a., d.b.n.* of Frank Julius Liipfert on 9 June 1928 and is still acting in such capacity. Said bank also became the successor trustee under the terms of said will.

The parties waived a jury trial and agreed that his Honor should hear the evidence, find the facts, make his conclusions of law and enter judgment pursuant thereto.

The facts are not in dispute and may be summarized as follows:

1. Frank Julius Liipfert died a resident of Forsyth County on 2 April 1927, leaving a last will and testament and codicil thereto which have been duly probated in the office of the Clerk of the Superior Court of Forsyth County.

2. The last will and testament of Frank Julius Liipfert was executed on 22 May 1924, and the codicil thereto was executed on 10 July 1926.

3. The pertinent parts of the will of Frank Julius Liipfert, relating to the trust or trusts, are as follows:

"Item I.   I bequeath and devise the residue of my property, of whatever nature and wherever situated, whether real, personal, or mixed, to my wife, Cora Hamlen Liipfert, and to my son, Francis Julius Liipfert, jointly, to hold in trust for the purposes hereinafter specified during the life of my wife, Cora Hamlen Liipfert, and for that period after the death of my wife, Cora Hamlen Liipfert, during which my daughter, Theo Liipfert Horton, shall be married: Provided, however, that if after the death of my wife, Cora Hamlen Liipfert, the surviving Trustee, Francis Julius Liipfert, shall deem it advisable to bring this trust to an end and to divide the subject matter thereof as hereinafter provided, I empower such Trustee to do so.   Provided, further, that if my son Francis Julius Liipfert, predecease my wife, Cora Hamlen Liipfert, I name and appoint the Wachovia Bank & Trust Company, of Winston-Salem, North Carolina, Trustee in his stead.   Provided, further, that if my Trustee, Cora Hamlen Liipfert, die and subsequently thereto my son, Francis Julius Liipfert, die before the termination of this trust, I name and appoint the Wachovia Bank & Trust Company sole Trustee during the life of this trust.

"Item 5.   I direct that my Trustee or Trustees,—after paying all taxes, insurance, repairs and renewals, and setting aside each quarter a reasonable amount to cover depreciation, and after giving my wife, Cora Hamlen Liipfert, in quarterly installments so long as she may live, an amount which, when added to the amount my wife, Cora Hamlen Liipfert, receives in dividends paid during the calendar year on certain shares of the Class B common stock of the R. J. Reynolds Tobacco Company, to-wit: *1866* shares of the Class B. common stock of the R. J. Reynolds Tobacco Company, being certificates J. 22766 to N. 22780 inclusive, N. 35642 to N. 35644 inclusive, No. 3712 and No. 10644, which stock I gave to my wife, Cora Hamlen Liipfert, on the 21st day of December 1922, shall provide an annual income of seventy-five hundred dollars ($7,500.00),—give and distribute the balance of the income of this trust in equal shares, share and share alike, to my daughter, Theo Liipfert Horton, and to my son, Francis Julius Liipfert, and upon the death of either or both to his or her children, and if either or both have no children at the time of their death, then to their lawful heirs.

"Item 10.   Should it at any time appear to my Trustee or Trustees that due to the falling off or diminution of the income of this trust, the income of my wife, Cora Hamlen Liipfert, or of either of my children, Theo Liipfert Horton or Francis Julius Liipfert, and in the case of their

death to their children, be insufficient for their proper maintenance and support, then I direct that the necessary portion of the *corpus* of this trust be sold by my Trustees or Trustee, and that the proceeds of such sale an amount be paid to the particular beneficiary or beneficiaries of this trust named in this item, which in the opinion of the Trustees be necessary for said beneficiary or beneficiaries' proper maintenance and support; and I direct that such payment or payments be a charge against his or her or their lawful share in the division of my estate at the termination of this trust.

"Item 11. At the termination of this trust as hereinabove provided, I direct that my estate be divided equally between my daughter, Theo Liipfert Horton, and my son, Francis Julius Liipfert, share and share alike, and if at the time of the termination of this trust either shall be deceased, then I direct that his or her share of my estate shall go to his ,or her children, and if they have no children at the time of their death, then to his or her lawful heirs."

4. This action was instituted on 9 June 1955 and all adult persons having any interest in the subject matter have been made parties defendant and duly served with summons. They filed answers and appeared through counsel at the hearing. Julia Caroline Horton, a minor, is the only great-grandchild of Frank Julius Liipfert. She has been served with process as provided by law and is represented in this action by her duly appointed guardian *ad litem,* Miles Christopher Horton, Jr. William S. Mitchell was appointed guardian *ad litem* for all unborn persons having any interest in the will of Frank Julius Liipfert. Each guardian *ad litem* filed an answer.

5. Theo Liipfert Horton and Francis Julius Liipfert were the only children born to Frank Julius Liipfert and his wife, Cora Hamlen Liipfert. Francis Julius Liipfert died 1 June 1928. He was never married and had no children. Cora Hamlen Liipfert, the widow of Frank Julius Liipfert, died 19 August 1932. Theo Liipfert Horton, the only living child of Frank Julius Liipfert, was born in 1891. She married Miles Christopher Horton, Sr. on 17 December 1913. Theo Liipfert Horton had two children by her husband Miles Christopher Horton, Sr. One of these children is Miles Christopher Horton, Jr. who was born 7 August 1916. He is now married to Ruth Cline Horton. No children have been born to this union. However, Miles Christopher Horton, Jr. did have a child by a former marriage: Julia Caroline Horton, an infant, 14 years of age. The other child of Theo Liipfert Horton and her husband, Miles Christopher Horton, Sr., is Frank Liipfert Horton, who was born 21 March 1918. He is not married and has no children.

6. Theo Liipfert Horton and her husband, Miles Christopher Horton, Sr., separated on 15 July 1923, and thereafter she and her two children lived in the home of her parents in Winston-Salem until after she was

granted an absolute divorce from Miles Christopher Horton, Sr. in the Superior Court of Forsyth County, North Carolina, on 13 November, 1928.

7. The estate of Frank Julius Liipfert, at the time of his death, consisted primarily of Class B common stock of the R. J. Reynolds Tobacco Company and numerous parcels of real estate. All the property held by the plaintiff as trustee had a value at the time of its qualification in excess of $350,000 and that amount had increased to more than $500,000 at the time of the trial.

In light of the facts found and the provisions of the will, his Honor concluded as follows:

"9. The will of Frank Julius Liipfert dated May 21, 1924 created a single trust, and directed that the said trust should continue during the life of the testator's wife, Cora Hamlen Liipfert, and for that period after the death of the wife during which the testator's daughter, Theo Liipfert Horton (now Theo Liipfert Taliaferro) should be married. The provisions of Item I of the said will 'during which my daughter, THEO LIIPFERT HORTON, shall be married' refer to the marriage of the said Theo Liipfert Horton to Miles Christopher Horton, Sr., and she ceased to be married to Miles Christopher Horton, Sr., on November 13, 1928. Cora Hamlen Liipfert, the wife of the testator, having survived him, Frank Julius Liipfert, Jr. (Francis Julius Liipfert), the son of the testator, having survived him but having died during the life of his mother without leaving issue, Theo Liipfert Horton having been divorced from Miles Christopher Horton, Sr., prior to the death of her mother and having survived her mother, the trust under the will of Frank Julius Liipfert terminated at the death of Cora Hamlen Liipfert on August 19, 1932, and thereupon Theo Liipfert Taliaferro, one of the defendants herein, being the same person as Theo Liipfert Horton, became entitled to have the trust property distributed to her free from all trust.

"10. Consideration has been given to the codicil to the will of Frank Julius Liipfert dated July 10, 1926. The provisions of the said codicil have been carried into effect, and the Trustee shall be entitled to credit therefor in the settlement of its account.

"11. During the administration of the trust since the death of Cora Hamlen Liipfert on August 19, 1932, the plaintiff has continued to hold the property and to administer the trust under the will as if it were still in existence. By consent of the defendant Theo Liipfert Taliaferro, it shall be entitled in the settlement of its account for disbursements made by the Trustee, and for the costs of administration, including its commissions in all respects as if the trust terminated at the time of its settlement with Theo Liipfert Taliaferro pursuant to the provisions of this judgment."

Therefore, the court ordered, adjudged and decreed:

"1. Only one trust was created by the will of Frank Julius Liipfert dated May 22, 1926.

"2. Item I of the said will governs the duration of the trust. Since Frank Julius Liipfert (Francis Julius Liipfert), the son of the testator, predeceased the testator's wife, Cora Hamlen Liipfert, it is the true and correct meaning of Item I of the said will that the trust could continue only 'for that period after the death of my wife, Cora Hamlen Liipfert during which my daughter, THEO LIIPFERT HORTON, shall be married'; and the words 'during which my daughter, THEO LIIPFERT HORTON, shall be married' referred primarily to her marriage to Miles Christopher Horton, Sr., but in no event were intended to refer to any marriage contracted later than the death of Cora Hamlen Liipfert.

"3. Theo Liipfert Horton (now Theo Liipfert Taliaferro) having been divorced from Miles Christopher Horton, Sr. on November 13, 1928, and having contracted no other marriage prior to the death of Cora Hamlen Liipfert, the trust under the will of Frank Julius Liipfert terminated according to the specific terms thereof at the death of Cora Hamlen Liipfert on August 19, 1932.

"4. The defendant, Theo Liipfert Taliaferro, is entitled to have transferred and conveyed to her, and Wachovia Bank & Trust Company, successor Trustee under the will of Frank Julius Liipfert, deceased, will forthwith transfer and convey all of the trust property in its hands to Theo Liipfert Taliaferro, subject, however, to the adjustments and allowances set forth and described in Paragraph 11 of the findings and conclusions above.

"5. The cost of this action will be taxed against and paid by the plaintiff, including such allowances to the guardians *ad litem* as may be ordered herein, and the plaintiff shall be entitled to credit therefor in the settlement of its account."

All the defendants, except Theo Liipfert Taliaferro, appeal, assigning error.

*Womble, Carlyle, Sandridge & Rice for plaintiff appellee.*

*Ratcliff, Vaughn, Hudson, Ferrell & Carter for Theo Liipfert Taliaferro, appellee.*

*Hayes & Wilson for defendant appellants.*

*William S. Mitchell, guardian ad litem for unborn persons.*

DENNY, J. The appellants present for our consideration and determination the following question: Did the trial court err in its findings of fact and conclusion that the trust created by the will of Frank Julius Liipfert terminated at the death of Cora Hamlen Liipfert?

·The paramount aim in the interpretation of a will is to ascertain if ·possible the intent of the testator. In our effort to ascertain the testator's intent we must consider the instrument as a whole and give effect to such intent unless it is contrary to some rule of law or at variance with public policy. *Mewborn v. Mewborn,* 239 N.C. 284, 79 S.E. 2d 398; *Gatling v. Gatling,* 239 N.C. 215, 79 S.E. 2d 466; *Trust Co. v. Whitfield,* 238 N.C. 69, 76 S.E. 2d 334; *House v. House,* 231 N.C. 218, 56 S.E. 2d 695; *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356.

In our opinion, the provisions of the will of Frank Julius Liipfert make it clear that the primary objects of the testator's bounty were his wife, Cora Hamlen Liipfert, and his children, Theo Liipfert Horton and Francis Julius Liipfert. Therefore, greater regard is to be given to the dominant purpose of the testator than to the use of any particular words. Even so, his intent is to be ascertained from the will as written. *Heyer v. Bulluck, supra; Trust Co. v. Schneider,* 235 N.C. 446, 70 S.E. 2d 578.

Unquestionably, the reason the testator provided for the continuance 'of the trust created in Item I of his will during the life of his wife, Cora Hamlen Liipfert, and for that period after her death during which his daughter, Theo Liipfert Horton, "shall be married," was to make certain that the trust would not end while his daughter was married to Miles Christopher Horton, Sr.

At the time of the execution of his will, his daughter's marriage to Miles Christopher Horton, Sr. had ended in a separation, and she and her two children had been living in his home for more than ten months. Moreover, the testator doubtless knew that his daughter, under the law as it existed at that time, could not get a divorce based on separation until she and her husband had lived separate and apart for five successive years. He likewise knew that in the meantime his wife might die before his daughter could obtain a divorce from Miles Christopher Horton, Sr. Therefore, he provided that the trust should continue until the occurrence of the latter of two events, viz., the death of his wife, and the dissolution of the marriage between his daughter and her husband, Miles Christopher Horton, Sr. It so happened that, according to the record, his daughter was granted an absolute divorce on 13 November 1928 on the ground that, without her fault, she and her husband had lived separate and apart for five successive years. At the time she obtained her divorce her father had been dead more than a year and a half and her brother, Francis Julius Liipfert, had died on the 1st day of the previous June. Therefore, when the bonds of matrimony between Theo Liipfert Horton and her husband, Miles Christopher Horton, Sr. were dissolved on 13 November 1928, there was no reason or condition set forth in the last will and testament of Frank Julius Liipfert for a continuance of the trust, save and except that which provided

for its continuance during the life of the testator's wife, Cora Hamlen Liipfert.

Consequently, we concur in the ruling of the court below to the effect that the will of Frank Julius Liipfert created but one trust and that the provision in Item I of said will, to wit, "during which my daughter, Theo Liipfert Horton, shall be married," refers to the marriage of his daughter to Miles Christopher Horton, Sr., and Theo Liipfert Horton having been divorced from Miles Christopher Horton, Sr. prior to the death of her mother, and having survived her mother, the trust terminated at the death of Cora Hamlen Liipfert on 19 August 1932.

The appellants insist that the trust created under the last will and testament of Frank Julius Liipfert has not terminated and will not do so until the death of Theo Liipfert Taliaferro. We do not concur in this view. Moreover, in our opinion, the intention of the testator as expressed by the language used by him in his will, does not support the appellants' view.

"Under general rules, ordinarily, a trust for the separate use of a married woman and intended to protect the property from her husband will terminate according to the creator's intention on a dissolution of the coverture. Thus, the trust will terminate on the death of either the husband or the wife, or on a divorce." 89 C.J.S., Trusts, section 92, page 925.

It is said in Scott on Trusts, 2nd Edition, Volume III, section 337.5, ". . . where the sole beneficiary of a trust is a married woman and the only purpose of the settlor in creating the trust was to protect her during coverture, she can compel the termination of the trust when her coverture ceases by the death of her husband or by divorce."

It is further said in 89 C.J.S., Trust, section 92, page 923: "The duration of a trust depends largely on the intention of the creator as shown by a proper construction of the trust instrument and the nature and purposes of the trust. The settlor's intention is paramount to the wish of the beneficiary."

It is likewise said in 54 Am. Jur., Trusts, section 70, page 75, "A trust is in general limited or conditioned in duration by the terms of the trust, in which case the trust expires in accordance with the limitation or condition stated. . . . But while a trust is in general limited in duration by its terms, it continues to exist, nevertheless, at least in the sense that the trustee continues to stand in the relationship of trustee to the beneficiaries until they receive all the property and money due them by the trust."

The judgment of the court below is in all respects
Affirmed.