WILLIAM HARRY ENTWISTLE; GEORGE P. ENTWISTLE; MARY EN-
TWISTLE THOMPSON; AND JOHN W. C. ENTWISTLE v. JOHN W.
COVINGTON, SR., EMMA McCULLEN COVINGTON, AND JOHN W.
COVINGTON, SR., EXECUTOR OF THE WILL OF LEAKE S. COVINGTON.

(Filed 20 May, 1959.)

**1. Wills § 31—**

The intent of testator as gathered from the whole instrument will be
given effect as the paramount aim in the interpretation of a will, un-
less such intent is contrary to some rule of law or at variance with
public policy.

**2. Same—**

In ascertaining the intent of testator, the language will be considered
in the light of the conditions and circumstances existing at the time
the will was made.

**3. Same—**

In order to ascertain the intention of testator it is permissible to trans-
pose words, phrases or clauses, or to disregard or supply punctuation, or
to supply words, phrases or clauses when the sense of the language used
as collected from the context manifestly requires it.

**4. Wills § 34b— Will held not to have designated persons who were to
take in event of prior deaths of residuary legatees, and testator
died intestate in regard thereto.**

Testator, unmarried, was living with three unmarried sisters at the
homeplace. The three unmarried sisters, who were younger than testa-
tor, predeceased testator, and at the time of testator's death he was liv-
ing at the homeplace with a brother and the brother's wife. The resid-
uary clause provided that the residue of the estate should go to the
three unmarried sisters, naming them, ". or to those who reside at our
homeplace, Glenwood. at the time of my death." *Held:* The periods
after the name of the last sister and the name of the homeplace must be
disregarded, and the effect of the clause is to provide for survivorship
among the three sisters named, rather than to take the residuary estate
to any one living with testator at the homeplace at the time of his death,
and therefore testator died intestate as to the property embraced with-
in the residuary clause.

**5. Wills § 32—**

The presumption against partial intestacy is a rule of construction
to ascertain testator's intent and does not authorize the court to make
a will or to add to a testamentary disposition something which, by
reasonable inference, is not there.

**6. Wills § 34b—**

In order to provide against the lapse of a legacy by reason of the
prior death of the beneficiary, the testator must provide for the substi-
tution or succession of some other recipient, either expressly or in terms
from which it can be ascertained with sufficient clearness what person
or persons he intends to take by substitution.

APPEAL by defendants from *Fountain, Special Judge,* November Special Term 1958 of RICHMOND.

This is an action instituted pursuant to the provisions of G.S. 1-253, *et seq.,* to obtain a declaratory judgment construing the last will and testament of Leake S. Covington, deceased.

Leake S. Covington died testate on 3 January 1958 at the age of 84. He left a will dated 20 March 1940 which was duly admitted to probate in common form in the office of the Clerk of the Superior Court of Richmond County, North Carolina, which provided as follows:

(1) Specific bequests of $1,000 each to the Methodist Church of Rockingham, North Carolina, and the Richmond County Memorial Hospital.

(2) Specific bequests of $5,000 each to his brother, John W. Covington, Sr., and his sisters, May F., Faith L. and Elna G. Covington. He then stated, "Should any of them predecease me, in that event the sum willed them ($5,000.00) shall be added to the residue of my estate."

(3) A specific bequest of one "fifty dollar maturity value U. S. Saving E Bond" to a family servant, Joe Adams.

(4) "The residue of my estate anything and everything of value I will and bequeath — to my sisters May S., Faith L. & Elna G. Covington. or to those who reside at our homeplace, Glenwood. at the time of my death."

(5) John W. Covington, Sr., was appointed executor, to serve without bond.

Leake S. Covington had four sisters — Mrs. Hannah Covington Entwistle, May S. Covington, Faith L. Covington, and Elna G. Covington — all of whom predeceased him, and one brother, John W. Covington, Sr., who survived him and who, with his wife was allegedly living at Glenwood with Leake S. Covington at the time of his death. Both John W. Covington, Sr. and his wife are defendants in this action. Mrs. Hannah Covington Entwistle, whose husband was well-to-do financially and who was not mentioned in the will, left four children surviving her and they are the plaintiffs in this action.

His Honor heard the testimony of witnesses and made the following findings of fact and conclusions of law, among others:

"4. That in 1940 and for many years prior thereto Leake S. Covington and his sisters, May S., Faith L. and Elna G. Covington, lived at their home, Glenwood, as a devoted family unit until the death of May (at the age of 69) in 1944; that thereafter, Faith L. and Elna G. Covington remained in the home with Leake S. Covington until the death of Faith L. (at the age of 70) in 1949, and thereafter, Elna

G. and Leake S. Covington remained in the home until the death of Elna (at the age of 72) in 1953. That neither the testator nor the three named sisters had issue surviving and neither was ever married. * * *

"9. That it was Leake S. Covington's intent as expressed in his will and it was his dominant purpose with respect to the residue of his estate as expressed in the residuary paragraph of his will to bequeath and devise his residuary estate so that it would wholly survive among the three above-named sisters so long as they or any one of them should be living and residing at Glenwood.

"10. That in the residuary paragraph of Leake S. Covington's will, the clause reading: 'or to those who reside at our homeplace, Glenwood, at the time of my death' was intended to be and was a clause referring to and limited to the three sisters, May, Faith and Elna, and was intended to accomplish and effective to accomplish complete survivorship of the residuary estate to the three said sisters so long as they or any one of them should be living and residing at Glenwood, and was not intended to operate and not operative for the benefit of any other persons.

"11. * * * that the bequest of five thousand dollars to May S., Faith L. and Elna G. Covington each is ineffective because of the death of each prior to the death of Leake S. Covington."

From the foregoing findings of fact the court concluded as follows:

"That upon the death of Leake S. Covington, his three sisters, May, Faith and Elna Covington, having predeceased him, the bequest and devises of the residuary paragraph of his will lapsed and the said residuary paragraph became ineffective, and his residuary estate thereupon descended by operation of law to his heirs and next of kin.

"That the plaintiffs and John W. Covington, Sr. are the only surviving heirs at law and next of kin of Leake S. Covington, and as such are entitled to the estate of Leake S. Covington * * *"

Judgment was then entered to the effect that John W. Covington, Sr. is entitled to one-half of the personal property and a one-half undivided interest in all real estate, and that each of the four plaintiffs is entitled to a one-eighth interest in the personal property and an undivided one-eighth interest in all real estate.

The defendants excepted to certain of the findings of fact and conclusions of law, and appeal, assigning error.

*Leath & Blount and Blakeney & Alexander for plaintiff appellees.*
*Jones & Jones, Page & Page and Harvey C. Carroll for defendant appellants.*

DENNY, J.   All the assignments of error of the appellants involve the same primary question, which is: Where a residuary clause in testator's will provides, "The residue of my estate anything and everything of value I will and bequeath to my sisters May S., Faith L. & Elna G. Covington. or to those who reside at our homeplace, Glenwood. at the time of my death," and the three named sisters predeceased the testator, was it the intention of the testator that the residue of his estate should devolve upon anyone who was residing at Glenwood at the time of his death?

The appellants contend that the words "or to those who reside at our homeplace, Glenwood. at the time of my death," should be construed to mean: or to anyone who resides at our homeplace, Glenwood, at the time of my death. Therefore, they contend that the defendants, John W. Covington, Sr. and his wife, Emma McCullen Covington, were residing at the Leake S. Covington home, Glenwood, at the time of his death and are, therefore, entitled to take the testator's entire estate under the provisions of said residuary clause. They further contend that such residuary clause is sufficient to have included any person or persons residing at the Leake S. Covington home, Glenwood, at the time of the death of Leake S. Covington, even though such persons had been strangers in blood.

The appellees on the other hand contend that the natural and proper construction to be placed on the last part of the residuary clause is this: or to those of my named sisters residing at our homeplace, Glenwood, at the time of my death. Consequently, they contend that the word "those," as used in the above clause, refers only to the named sisters, May S., Faith L. and Elna G. Covington, and to no other person or class of persons, and the court below so held.

The paramount aim in the interpretation of a will is to ascertain if possible the intent of the testator. In our effort to ascertain the testator's intent, we must consider the instrument as a whole and give effect to such intent, unless it is contrary to some rule of law or at variance with public policy. *Trust Co. v. Taliaferro,* 246 N.C. 121, 97 S.E. 2d 776; *Barton v. Campbell,* 245 N.C. 395, 95 S.E. 2d 914; *Mewborn v. Mewborn,* 239 N.C. 284, 79 S.E. 2d 398; *Gatling v. Gatling,* 239 N.C. 215, 79 S.E. 2d 466; *Trust Co. v. Whitfield,* 238 N.C. 69, 76 S.E. 2d 334; *House v. House,* 231 N.C. 218, 56 S.E. 2d 695; *Williams v. Rand,* 223 N.C. 734, 28 S.E. 2d 247; *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356. To aid in ascertaining the intention of a testator, his will is to be considered in the light of conditions and circumstances existing at the time the will was made. *Trust Co. v. Wolfe,* 243 N.C. 469, 91 S.E. 2d 246; *Trust Co. v. Green,* 238 N.C. 339, 78

S.E. 2d 174; *Bradford v. Johnson*, 237 N.C. 572, 75 S.E. 2d 632; *Trust Co. v. Waddell*, 237 N.C. 342, 75 S.E. 2d 151; *Trust Co. v. Bd. of National Missions*, 226 N.C. 546, 39 S.E. 2d 621; *Cannon v. Cannon*, 225 N.C. 611, 36 S.E. 2d 17.

It is permissible in order to effectuate or ascertain a testator's intention for the Court to transpose words, phrases, or clauses. *Coppedge v. Coppedge*, 234 N.C. 173, 66 S.E. 2d 777; *Williams v. Rand, supra; Heyer v. Bulluck, supra; Washburn v. Biggerstaff*, 195 N.C. 624, 143 S.E. 210; *Gordon v. Ehringhaus*, 190 N.C. 147, 129 S.E. 187.

Likewise, to effectuate the intention of the testator the Court may disregard, or supply, punctuation. *Coppedge v. Coppedge, supra; Williams v. Rand, supra; Carroll v. Herring*, 180 N.C. 369, 104 S.E. 892. Even words, phrases, or clauses will be supplied in the construction of a will when the sense of the phrase or clause in question as collected from the context manifestly requires it. *Mewborn v. Mewborn, supra; Coppedge v. Coppedge, supra.*

It would seem to be clear that the period in the residuary clause under consideration, between the name of "Elna G. Covington" and the word "or," as well as the period between the word "Glenwood" and the word "at," has no legal significance whatever and was clearly nothing more than typographical errors in punctuation by the writer of the will and will be disregarded.

It is conceded by all parties to this action that the chief objects of Leake S. Covington's affections were his three maiden sisters, May S., Faith L. and Elna G. Covington, who lived with him at their old homeplace, Glenwood. It is likewise conceded that, with respect to his residuary estate, it was Leake S. Covington's dominant desire and purpose so to dispose of his residuary estate that it would go to these three sisters and to the survivor or survivors of them, so long as they or any one of them remained living and residing at Glenwood. It follows, therefore, that if any one of the three sisters named in the residuary clause had been living and residing at Glenwood at the time Leake S. Covington died, she would have taken the entire residuary estate.

The appellants argue and contend that the court below made an erroneous interpretation of the residuary provisions of the will under consideration because it results in partial intestacy and that there is a presumption against intestacy. It is true that as a general rule a will will be so interpreted as to prevent intestacy as to any part of the estate, unless there is an apparent intention to the contrary or the provisions of the will are such that under the conditions and circumstances existing at the time of the death of the testator intestacy must

follow as a matter of law. *Renn v. Williams,* 233 N.C. 490, 64 S.E. 2d 437; *Seawell v. Seawell,* 233 N.C. 735, 65 S.E. 2d 369.

In *Williard v. Weavil,* 222 N.C. 492, 23 S.E. 2d 890, this Court said: "We are not inadvertent to the presumption against intestacy, called to our attention by the plaintiffs; but this rule, however strong, is but a rule of construction, which must yield to the true intent of the testator when it can be ascertained. * * * It does not authorize the Court to make a will or to add to a testamentary disposition something which, by reasonable inference, is not there, or to make intestacy impossible."

Likewise, in the case of *Van Winkle v. Berger,* 228 N.C. 473, 46 S.E. 2d 305, it was said: "The rule against intestacy, however, is merely one of construction to be applied where the phraseology is ambiguous or the intent is uncertain. A man is not required to visualize all changes and contingencies near or remote, trivial or important, which might come about during a considerable period of time following his demise and meticulously provide against intestacy in order to make a valid will; nor may the Court, by the exercise of a hindsight better than his foresight, improve upon the testamentary disposition."

The appellants contend that the testator, when writing his will, foresaw that his three sisters would probably predecease him and that someone would have to move to Glenwood to live with him and take care of him, and that, if such event happened, he would want those who were living with him and caring for him at the time of his death to have the residue of his estate. The facts as they existed when the will was written in 1940 show the fallacy of this contention. At that time, Leake S. Covington was 66 years old; May S. was 64; Faith L., 61; and Elna G., 59. There is nothing revealed by the record in this case that would indicate that Leake S. Covington had any reason to believe or foresee that all three of his sisters, who were younger than he, would predecease him.

It is quite clear under our decisions that if the residuary clause under consideration had bequeathed and devised the residuary estate to the three sisters of the testator by name and had omitted the clause "or to those who reside at our homeplace, Glenwood, at the time of my death," there would have been no survivorship; and as each one of the sisters died, prior to the death of the testator, the bequest and devise to such deceased sister would have lapsed and her share of the residuary estate would have gone as intestate property. *Winston v. Webb,* 62 N.C. 1, 93 Am. Dec. 599; *Twitty v. Martin,* 90 N.C. 643; *Battle v. Lewis,* 148 N.C. 142, 61 S.E. 634; *Wooten v. Hobbs,* 170 N.C.

211, 86 S.E. 811; *Reid v. Neal,* 182 N.C. 192, 108 S.E. 769; *Daniel v. Bass,* 193 N.C. 294, 136 S.E. 733.

In 96 C.J.S., Wills, section 1216, page 1053, *et seq.,* it is said: "A testator may prevent a testamentary gift from lapsing, because of the death of the donee before his own death by the expression of such intention and a provision for the substitution or succession of some other recipient in case of the intermediate death of the first named donee. It is essential, however, to effect this object that it clearly appear that the testator intended to prevent a lapse, and he must declare, either expressly or in terms from which it can be collected with sufficient clearness, what person or persons he intended to substitute for the legatee dying in his lifetime."

We concur in the interpretation that the court below placed upon the residuary clause of the testator's will, to the effect that, upon the death of Leake S. Covington, his three sisters, May S., Faith L. and Elna G. having predeceased him, the bequests and devises made in the residuary clause of his will lapsed, and said residuary clause became ineffective and his residuary estate thereupon descended by operaton of law to his heirs and next of kin.

In our opinion, the facts found by the court below are supported by competent evidence and such findings are sufficient to support the conclusions of law and the judgment entered pursuant thereto.

All of the appellants' assignments of error are overruled and the judgment is

Affirmed.